WILLIAM H. HUSSEY, Respondent, *v.* WEEKS W. CULVER, Appellant.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Assignment.   Equitable.*—An order drawn by a plaintiff directing his attorney to pay to his creditors all money collected from a judgment in his favor, is an equitable assignment of its proceeds, and is irrevocable.

1. *Former adjudication.*—A denial of a motion made by the creditor to compel such attorneys to pay the proceeds to him, is not a bar to an action for their recovery.

3. *Payment.   Burden.*—The burden of establishing the defense of payment is upon the defendants; and, where their evidence upon the subject is vague, and they produce no books to support their claim, and plaintiff presents his books and accounts for payments entered therein, there is no such preponderance of evidence as will justify a reversal.

Appeal from an interlocutory judgment entered upon a decision of the court without a jury.

*E. H. Pomeroy*, for appellant.

*Geo. C. Lay*, for respondent.

VAN BRUNT, P. J.—The defendants were attorneys and counselors, and were copartners as such during the period covered by the events out of which the plaintiff's cause of action arose.   They brought an action against the Brooklyn, Flatbush and Coney Island Railroad Company in the supreme court, on behalf of their client, one Alexander Low, and have succeeded in recovering a judgment in his favor which had been appealed to the general term.   Before the appeal to the general term was determined, said Low, who was then indebted to the plaintiff, made and executed an order in writing directed to the defendants herein of which the following is a copy:

NEW YORK, *March* 18, 1880.

*Messrs. Culver & Wright :*

GENTLEMEN,—You will please pay over to William H. Hussey, of 135 W. Thirtieth street, New York city, all moneys collected or received by you upon the judgment in the action in the supreme court, in my favor, against the Brooklyn, Flatbush and Coney Island Railroad Company, after deducting your costs, charges and fees therein.

ALEXÁNDER LOW.

The said order was delivered to the plaintiff, and the same was subsequently delivered to and left in the custody of the defendant. On or about the 23d of October, 1883, and while the appeal from the judgment in said action was pending in the court of appeals, Low wrote and endorsed upon the aforesaid letter, the following notice and delivered the same to the defendant:

NEW YORK, *October* 23, 1883.

*Messrs. Culver & Wright, Attorneys, etc. :*

GENTLEMEN,—You will please take notice that I hereby countermand and withdraw the within notice, and order, and require that said money shall be paid over to me, the same as if the said notice or order had never been given.

On said day the defendants received and collected $3,254, being the full amount of the judgment aforesaid. The plaintiff thereafter demanded from said defendants the proceeds of the judgment recovered after deducting their costs, charges and expenses, and the defendants refused to pay the same or any part thereof to him.

The plaintiff thereafter, in January, 1884, presented his petition to this court, entitled in the action against the Brooklyn, Flatbush and Coney Island Railroad Company, setting up the facts above mentioned, and praying that the

court would make an order requiring the said defendants who were the plaintiff's attorneys in said action, to pay the amount collected by them upon said judgment after deducting therefrom their allowances, costs and disbursements, and made a motion thereon for the relief prayed for in said petition. This motion was opposed by the defendants, and denied. Thereupon this action was brought and the learned court below determined that the order executed on March 18, 1880, by Low, and directed to the defendants, was an equitable assignment of the proceeds of the judgment, and that such order was not the subject of countermand by said Low, and that it was irrevocable, and that the said assignment created an equitable lien on the moneys received and collected by the defendants, on account of the judgment, and that from the date of the receipt thereof by the defendants they held the same in trust for the plaintiff, and that the plaintiff was entitled to recover judgment against the defendants accordingly, and that the proceedings, resulting in the denial of the motion upon the petition were no bar to this action, and that the plaintiff was entitled to an interlocutory judgment ordering are ference to ascertain the amount of the costs, charges and fees of the defendants as such attorneys in said suit, and from such judgment this appeal is taken.

It is not necessary to add anything to that which has been said, in the opinion of the court below, as reasons for holding that the order addressed to the defendants, and signed by Low, was a good equitable assignment of the proceeds of the judgment in question. The authorities cited by the learned court sustain this proposition. And that such equitable assignment was irrevocable, is also clearly established in said opinion ; and the grounds given for holding that the proceedings upon the motion were not a bar to the maintenance of this action, meet with our approval under the authorities cited.

The only question which it is at all necessary to refer to

at large, is the question of fact as to the defense urged by the defendant that the claim which the plaintiff held against Low, and as security for the payment of which this order was given, had been paid prior to the commencement of this action. The evidence upon this point is, undoubtedly, exceedingly unsatisfactory. The burden of establishing this defense was upon the defendants. That an indebtedness existed in favor of the plaintiff at the time of the giving of this order, seems to be established; that it was paid at any time subsequent thereto does not appear from the evidence. It is true that certain payments were admitted upon the part of the plaintiff, but it is equally true that those admissions were coupled with assertions of indebtedness which were inconsistent with the idea that the indebtedness which Low owed to the plaintiff had been satisfied.

The evidence of payment given by Low was of the most vague and unsatisfactory kind. No books or papers whatever were produced to support the claims made by him ; and, upon the part of the plaintiff, books were presented, payments accounted for and explanations given, entirely consistent with the existence of an indebtedness from Low to the plaintiff of more than the amount which possibly could be realized from the judgment against the railroad company. These questions of fact were determined by the judge below against the appellants, and there is no preponderance of evidence disclosed by the case which would justify us in reversing his conclusions.

We are of opinion, therefore, that the judgment appealed from must be affirmed with costs.

BRADY and BARTLETT, JJ., concur.