EDMUND LINDSEY, Appellant, v. MARY MOORE AND JOHN MOORE.

**Compromise and Settlement: PRESUMPTIONS.** It will be presumed, in the absence of evidence to the contrary, that a note given in settlement of mutual accounts embraced all claims in controversy.

*Appeal from Boone District Court.*—HON. B. P. BIRD-SALL, Judge.

FRIDAY, APRIL 9, 1897.

PLAINTIFF brings an action in equity for judgment on four promissory notes, and for the foreclosure of a mortgage securing them. The defendants' answer, in substance, admitted that they signed the notes, and averred that nothing is due thereon. They further plead to several purchases of lots of plaintiff, and say that the consideration for said purchases has been fully paid; that about February 27, 1897, the plaintiff executed and delivered to the defendant, John Moore, a bond for a deed, whereby he agreed to sell and convey to said Moore the east half of lots 6 and 7, in block 7, in Thrift's addition to the town of Boonsboro, for the sum of sixty-five dollars; that said sum has been paid, but the plaintiff has failed to comply with his contract, and has not executed a conveyance to the defendants for the premises described in said bond; that thereafter a suit was begun by the defendant, John Moore, against the plaintiff herein and his wife, in which said plaintiff Moore alleged that the purchase price of said property had been fully paid, and asked that he be required to specifically perform his contract. Said Lindsey filed an answer in said suit, and afterwards the parties settled and adjusted their differences,

and defendants herein executed their note to Lindsey for fifty-five dollars and eighty-eight cents, which has been paid. Defendants further pleaded facts touching the execution of the notes and mortgage in controversy, and that the same were executed under fear, duress, and misrepresentation; that said notes and mortgages are without consideration; and that, when they were executed, the defendants were not indebted to the plaintiff in any sum whatever. They ask that the notes and mortgage be canceled, and declared of no validity, and that plaintiff be required to execute to the defendants a warranty deed, as provided in said bond. The cause was tried to the court. A decree was entered granting to the defendants the relief prayed for, while the plaintiff appeals.—*Affirmed.*

*Crooks & Snell* for appellant.

*Jordan & Brockett* for appellees.

KINNE, C. J.—No question of law is involved in this appeal. The record is somewhat voluminous, and as to some of the matters in controversy, the evidence is conflicting. We cannot take up and discuss all of the evidence, and hence shall not give it detailed consideration in this opinion. In cases triable *de novo* in this court, which are to be determined from the facts only, we do not as a rule attempt to do more than state our conclusions, reached after a careful considera tion of all of the facts appearing in the record. The testimony on part of the defendants shows that there was no consideration for the notes sued upon. This testimony is not overcome by that offered in behalf of the plaintiff. Indeed, plaintiff's own testimony touching the consideration of these notes is indefinite, uncertain, and entirely unsatisfactory. It seems to us impossible from the testimony adduced in behalf of

the plaintiff to say what was the amount of the consideration for the notes, or the items which constituted it. The most that can be said of the testimony for the plaintiff is that a vague claim is made that certain matters or balances due upon deals between the parties constituted the consideration for these notes. The testimony, however, touching these matters, is so uncertain and indefinite that it is of little value, and cannot be held to overcome the case made for the defendants. Again, it may be said that in 1885 these parties had a settlement of all matters of controversy between them, and all claims which plaintiff then had against these defendants should be presumed to have been embraced in that settlement and the note then given. There is no testimony which overcomes this presumption. The case requires no further consideration. Upon a careful examination of the record, we are satisfied that the decree entered below was right.—AFFIRMED.