(31 Misc. Rep. 468.)

### HATCH v. VON TAUBE.

(Supreme Court, Appellate Term.　May 1, 1900.)

ACCOUNT STATED—AGREEMENT OF PARTIES TO BALANCE DUE—PROMISE OF PAY-
MENT—EVIDENCE—SUBMISSION OF ISSUE TO JURY.

　　Evidence that plaintiff's agent called upon defendant, and presented to
him for collection a paper on which was written, "Balance due on amount
of account rendered, $132.12," and that defendant thereupon paid $5 on
account, and said that he was going to pay the whole bill, is sufficient, in
an action upon an account stated, to entitle plaintiff to the submission of
the issue upon the account to the jury.

Appeal from city court of New York, general term.

Action by Edward P. Hatch against Gustave Von Taube to re-
cover upon an account stated. From a judgment for defendant,
affirmed by the general term (62 N. Y. Supp. 1031), plaintiff appeals.
Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Henry Tompkins, for appellant.
Elias Rosenthal, for respondent.

PER CURIAM. The questions determinative of the result of this
appeal are: First, whether the complaint contains allegations of
a cause of action upon an account stated; and, second, whether
the evidence, considered most favorably for the plaintiff, sufficed
to establish an account stated. We agree with the learned general
term in its view as to the first question, but as to the second we
feel obliged to differ, and will state briefly the reasons.
The witness Otto testified that he called upon the defendant in
April, 1895, and delivered to him a paper, the contents of which
was, "Balance due on amount of account rendered, $132.12," and
told defendant that he represented Lord & Taylor, and that he
called to collect the account that was overdue; that defendant
offered in payment a lot of books, and, upon the nonacceptance of
the offer, paid $5 on account, and said that he was going to pay
the whole bill. This evidence called for the submission to the jury
of the issue as to the account stated. To establish an account
stated, there must be evidence of mutual assent to the account as
rendered, either express or implied. Primarily it was necessary
to produce evidence that an account, showing a balance due, had
been rendered; and this duty plaintiff performed, for there was
sufficient evidence to warrant a finding of the rendition of such
an account in the circumstances of the delivery by the witness Otto
of the paper, the contents of which was, "Balance due on amount
of account rendered, $132.12," and the action of the defendant.
From the words and conduct of defendant under the circumstances,
an admission that an account showing a balance due of $132.12 had
been rendered was fairly inferable. That the parties mutually as-
sented to this account is a reasonable inference from what occurred
at the time of the call of the witness Otto. The witness in behalf
of the plaintiff presented the paper claiming $132.12 as the bal-
ance due upon an account rendered, and the defendant said he was

going to pay the whole bill, and did pay $5 on account. Certainly a mutual assent to the account as rendered should be implied from these circumstances. In Schutz v. Morette, 146 N. Y. 141, 40 N. E. 780, it is said that "the cause of action in such a case is * * * the agreement of the parties, made after the transactions constituting the account, that a certain balance remains due from one to the other, and a promise of the party found to be indebted to pay to the other the sum so ascertained." In the present case the mutual assent to the balance due and the promise to pay were evidenced, and uncontradicted.

The judgment is reversed, and a new trial is ordered, with costs to the appellant to abide the event.