## LITTLE v. McCLAIN.

(Supreme Court, Appellate Division, Second Department. October 12, 1909.)

1. ACCOUNT STATED (§ 1*)—"ACCOUNT RENDERED"—WHAT CONSTITUTES.

An account rendered is one drawn up in form and delivered by the creditor to the debtor as an exhibition of the creditor's demand, and is not the less an account because it starts with a balance claimed, and does not consist of distinct items.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 1, 2; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 1, pp. 92, 93.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. ACCOUNT STATED (§ 4*)—ACCOUNT RENDERED.**

A statement as follows:

"Mr. R. McClain in Account with Herbert L. Norton, Assignee for E. B. Havens & Co.

| Dr. | | Cr. | |
|---|---|---|---|
| 1907 | Amount. | | |
| May 22 To balance.......... 1982.30 | | 50 Cent Lea 23.......... 1142.75 | |
| 50 Cent Lea Long | | To balance.............. 839.55 | |
| | 1982.30 | 1982.30 | |

May 22 To balance..........$ 839.55"

—sent to the debtor was an account rendered.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 14, 15; Dec. Dig. § 4.*]

**3. ACCOUNT STATED (§ 6*)—WHEN ACCOUNT RENDERED BECOMES.**

An account rendered becomes an account stated when its correctness is assented to, which assent may be either express or implied, and may exist when one party presents an account to another which the other retains without making objection within a reasonable time.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 30–40; Dec. Dig. § 6.*

For other definitions, see Words and Phrases, vol. 1, pp. 93–98; vol. 8, p. 7561.]

**4. ACCOUNT STATED (§ 20*)—IMPLIED ASSENT—RETENTION WITHOUT OBJECTION —TIME—QUESTION FOR JURY.**

The question what is a reasonable time within which a debtor receiving an account rendered must object to prevent an implied assent is generally for the jury.

[Ed. Note.—For other cases, see Account Stated, Dec. Dig. § 20.*]

**5. ACCOUNT STATED (§ 6*)—DISCLAIMER OF DEBTS.**

When one disclaims all liability on an account rendered, he is not bound to examine the items of the account on pain of being taken to have assented to them, if he does not object, but the disclaimer must be something more than a mental operation of the debtor.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 30–40; Dec. Dig. § 6.*]

**6. BROKERS (§ 26*)—STOCK BOUGHT ON MARGIN—TITLE.**

Where brokers bought stock on margin on a customer's order, the legal title to the stock vested in the customer, and he became the broker's debtor for the unpaid balance of the purchase price, the stock remaining in the possession of the broker as if pledged to him as security therefor.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 20; Dec. Dig. § 26.*]

**7. PAYMENT (§ 65*)—BURDEN OF PROOF.**

Where the indebtedness upon which an account rendered is based is proved, the burden of showing payment is upon the debtor.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 162–202; Dec. Dig. § 65.*]

**8. ACCOUNT STATED (§ 19*) — CONCLUSIVENESS — IMPEACHMENT — BURDEN OF PROOF.**

Where there is an account stated, the consideration of the original indebtedness cannot be inquired into, in the absence of fraud or mistake, and the burden to impeach it by clear and convincing testimony rests upon him who on such grounds would escape its binding force.

[Ed. Note.—For other cases, see Account Stated, Dec. Dig. § 19.*]

Appeal from Trial Term, Kings County.

Action by Frederick Little, as trustee in bankruptcy of Edwin B. Havens and another, copartners, against Robert McClain. From a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgment for defendant and an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, GAYNOR, BURR, RICH, and MILLER, JJ.

Carleton Sprague Cooke, for appellant.

S. L. H. Ward, Jr., for respondent.

BURR, J. This is an action upon an account stated. There is no dispute as to the material facts. The firm of E. B. Havens & Co. were stockbrokers. On April 16, 1906, the defendant asked one of the firm what he would recommend him to buy. He replied, "I think Central Leather is good for two or three points." The defendant then said: "All right. I will send around a check for $500. Buy me 50 shares on a margin of ten points." That was the entire conversation. On the same day he received a statement from them that they had bought for his account and risk 50 shares of Central Leather at 46½. On March 13, 1907, they wrote to the defendant: "Please deposit with us to-morrow morning $1,000 margin on your account." To this request the defendant made no reply. On March 22, 1907, the said firm made a general assignment for the benefit of creditors to Herbert L. Norton, who duly qualified. The said Norton found an account upon the books of the concern against the defendant, and in July, 1907, he sent to the defendant a statement of which the following is a copy:

"Mr. R. McClain in account with Herbert L. Norton, Assignee for E. B. Havens & Co.

| Dr. | | | Cr. |
|---|---|---|---|
| 1907 | | Amount. | |
| May 22 To balance........... | 1982.30 | 50 Cent Lea 23........... | 1142.75 |
| 50 Cent Lea Long | | To balance................ | 839.55 |
| | 1982.30 | | 1982.30 |
| May 22 To balance...........$ | 839.55." | | |

This statement indicated that the Leather stock had been sold at .23, and that the sum of $839.55 was owing by the defendant. On September 20, 1907, the said assignee sent a letter to the defendant, stating that about a month before he had mailed to the defendant a statement of his account with E. B. Havens & Co., showing his indebtedness to them and threatening suit unless the account was paid. On the same day the defendant replied, disputing his liability. In July, 1908, the said firm of E. B. Havens & Co. were adjudged bankrupts, and the plaintiff in this action was elected trustee, and thereupon the said Norton as assignee transferred to him all the property and rights of action of said bankrupts, including the claim against the defendant. At the close of the entire case a verdict was directed for the defendant.

In this respect we think that the learned trial court erred. The statement sent to the defendant by Norton in July, 1907, was an "account rendered." An account rendered is one which is drawn up in form and delivered by the creditor to the debtor as an exhibition of the former's demand. 1 Cyc. 363. It is not the less an account because it starts with a balance claimed, and does not consist of several distinct items. Dows v. Durfee, 10 Barb. 213; Hatch v. Von Taube, 31 Misc.

Rep. 468, 64 N. Y. Supp. 393; Robbins v. Downey (Com. Pl.) 18 N. Y. Supp. 100. An account rendered becomes an account stated when its correctness is assented to. Lockwood v. Thorne, 18 N. Y. 285; Stenton v. Jerome, 54 N. Y. 480. This assent may be either express or implied from circumstances, and evidence of such assent may be found when one party presents an account to another which the latter retains without making objection within a reasonable time. Spellman v. Muehlfeld, 166 N. Y. 245, 59 N. E. 817; Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289, 51 N. E. 986. As a rule, the question as to what is a reasonable time within which to object is for the jury, although it as been held that the retention of an account rendered for a period of 19 days without objection justified the court in directing a verdict for the plaintiff as upon an account stated. Knickerbocker v. Gould, 115 N. Y. 533, 22 N. E. 573. While it is true that, when one disclaims all liability upon an account rendered, he is not bound to examine the items of an account or be taken to have assented to them if he does not object (Quincey v. White, 63 N. Y. 370), this disclaimer must be something more than a mental operation on the part of the person receiving the account. If he is to receive the benefit of this rule, he must express his disclaimer of any liability, and then, as the greater includes the less, he is not obliged to object to specific items. In this case the account rendered was received by the defendant and retained by him without objection or disclaimer of liability for more than a month. It certainly could not be said as matter of law that the defendant had not assented to the same so as to make it an account stated.

But, on the evidence introduced by the defendant as to the original transaction out of which the account rendered grew, his indebtedness to the plaintiff's assignor was established. When he directed the firm of E. B. Havens & Co. to purchase for him 50 shares of Central Leather stock and they did so, the legal title to the stock vested in him. He became the debtor of the broker for the unpaid balance of the purchase price. The stock remaining in the possession of the broker, it is deemed pledged to him as security for such unpaid balance. Strickland v. Magoun, 119 App. Div. 113, 104 N. Y. Supp. 425. This indebtedness continued until discharged by payment, or in some other way.

There is no evidence that it ever was discharged, and the burden of proving this was on the defendant. He sets up in his answer that there was an agreement between him and the brokers that the stock was to be sold when the margin was exhausted, but there is no evidence of this. On the contrary, his testimony as to his conversation with one of the firm when the stock was purchased, and which he says was all of the conversation on the subject, shows conclusively that there was no such agreement, and he admits that he was called upon for more margin and that he refused to put up the same, although there is no evidence that he then disputed his liability. The brokers were not obliged to sell the stock as soon as his margin was exhausted. They could hold it and depend upon his personal liability without security. It appears that the stock was sold, whether with or without notice to him does not appear. He only testifies that he does not know when it was sold. But all of this testimony was of no consequence if there was

an account stated, since in such case, in the absence of fraud or mistake, the consideration of the original indebtedness cannot be inquired into, and the burden to impeach it by clear and convincing testimony rests upon him who on such grounds would escape its binding force. 1 Cyc. 454; Harley v. Eleventh Ward Bank, 76 N. Y. 618; Manchester Paper Co. v. Moore, 104 N. Y. 680, 10 N. E. 861; Jugla v. Trouttet, 120 N. Y. 21, 23 N. E. 1066.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event. All concur.

---

HEDDEN CONST. CO. v. PROCTER & GAMBLE CO. et al.

(Supreme Court, Appellate Division, Second Department.   October 12, 1909.)

MECHANICS' LIENS (§ 161*) — LIEN CLAIMS — CONTRACT — SUBSTITUTION — INTEREST.

> [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 283; Dec. Dig. § 161.*]

Appeal from Special Term, Richmond County.

