IDA M. BEEBE, APPELLEE, v. SCOTT'S BLUFF COUNTY, APPELLANT.

FILED NOVEMBER 27, 1912.  No. 16,850.

1. Highways: MAINTENANCE: LIABILITY OF COUNTY. The road law of this state does not require a county or municipality to guarantee the safety of its highways and streets, but it is required to keep them in a reasonably safe condition for public travel.

2. ——: ——: ——. For a county to allow an open ditch, nearly a mile in length, and from 6 to 8 feet wide, with a depth of from 26 to 34 inches, to be and remain for many years in the center of one of its public roads may render it liable for an injury caused thereby.

3. ——: ——: ——. Where injuries result to a traveler upon such highway, caused by the combined effect of the county's neglect and an accident, such as the sudden fright of an ordinary gentle farm team of horses, for which the driver is in no way to blame, the county is liable for the injuries thereby sustained.

4. Appeal: INSTRUCTIONS: HARMLESS ERROR. Where it clearly appears

that the plaintiff in an action for personal injuries was not guilty of contributory negligence, the submission of that question to the jury by an erroneous instruction is error without prejudice to the defendant's rights.

APPEAL from the district court for Scott's Bluff county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*W. W. White* and *Morrow & Morrow,* for appellant.

*Wright & Duffie, contra.*

BARNES, J.

Action to recover damages for personal injuries alleged to have been sustained by plaintiff while traveling upon a public road or highway, by reason of the failure of the defendant county to maintain the road in a reasonably safe condition for the public use. On the trial in the district court for Scott's Bluff county, the plaintiff had the verdict and judgment, and the defendant has appealed.

The record discloses that the highway or public road in question was established some time about the year 1893, and has been in use by the public ever since that time. It is situated on the section line running north and south between sections 13 and 14, township 22 north of range 56, in Scott's Bluff county, and there is a ditch, about a mile long, running along the section line and in the middle of the highway, which had existed and remained in that condition for many years; that the fences on each side of the section line had been moved back a distance of about 33 feet, the fence on the west side of the road being about 24 feet from the ditch. It appears that a traveled track existed on each side of the ditch, and on the 25th day of November, 1909, the plaintiff, with her husband and seven small children, was driving along this road in a two-seated carriage drawn by an ordinary farm team of gentle horses. They were traveling in the beaten track on the west side of the road, and between the ditch

and the fence. When they reached a point near to the residence of one Carr, the team, for some cause not clearly explained, became frightened, turned quickly to the east and ran into the ditch. The carriage was overturned and badly damaged, and the plaintiff was severely and permanently injured.

The defendant contends that the foregoing state of facts are insufficient to sustain the judgment, and in support of this contention cites section 6197, Ann. St. 1911, which reads as follows: "If special damage happens to any person, his team, carriage, or other property by means of insufficiency or want of repairs of a highway or bridge, which the county or counties are liable to keep in repair, the person sustaining the damage may recover in a case against the county, and if damages accrue in consequence of the insufficiency or want of repair of a road or bridge, erected and maintained by two or more counties, the action can be brought against all of the counties liable for the repairs to the same, and damages and costs shall be paid by the counties in proportion as they are liable for the repairs; provided, however, that such action was commenced within thirty (30) days of the time of said injury or damage occurring." It is argued that if there is any other cause concurring with the insufficiency or want of repair of a highway, which results in the damages complained of, to hold the county liable would be to extend its liability beyond that fixed by the statute. In support of this argument defendant cites *Bell v. Village of Wayne,* 123 Mich. 386, *Harris v. Inhabitants of Great Barrington,* 169 Mass. 271, *Schaeffer v. Jackson Township,* 150 Pa. St. 145, *Moore v. Inhabitants of Abbot,* 32 Me. 46, *Bartram v. Town of Sharon,* 71 Conn. 686, and other cases decided by the courts of those states, where the rule for which the defendant contends seems to have been adopted. We find, however, that the authorities are divided on this question. The courts of Iowa, Vermont, New York, Minnesota, and many other states hold that when two causes combine to produce an injury to a

traveler upon a highway, both of which are in their na-
ture proximate, the one being a culpable defect. in the
highway and some other occurrence for which neither are
responsible, the municipality is liable, provided that the
injury would not have been sustained but for such defect.
*Langhammer v. Manchester,* 99 Ia. 295.    In *Gould v.
Schermer,* 101 Ia. 592, it was held that the mere fact that
some other cause operates with the negligence of the de-
fendant to produce the injury does not relieve the defend-
ant from liability.    His original wrong concurring with
some other cause, and both operating proximately at the
same time in producing the injury, makes him liable,
whether the cause was one for which the defendant was
responsible or not.    The authorities on this question are
collected in a note to *City of Denver v. Utzler,* 8 L. R. A.
n. s. 77 (38 Colo. 300), where, at page 80, it is said:
"And even those states which deny liability where the
horse has become uncontrollable have modified the strict-
ness of their rule somewhat by holding that a horse which
which merely starts or shies to one side cannot be regarded
as unmanageable or beyond the driver's control, so as to
preclude him from recovering, where, because of such
shying, the horse comes in contact with a defect or ob-
struction, and injury results."

In the instant case, it clearly appears that the county
authorities knew that the ditch in question had existed
in the center of the public road for many years, and had
negligently permitted it to remain in that condition.    It
is also clear that the result was to render the traveled
parts of the highway so narrow that it could not, under
all conditions, be safely used by the traveling public.    It
is true that so long as nothing happened to the harness or
vehicle in which a party was riding, so long as a well-
broken horse exhibited its usual docility, one could travel
along the path on the west side of the ditch, and within
six or eight feet of it, safely.    But it is well known to all
that the horse, while probably one of the most docile and
tractable of all our domestic animals, is the most subject

to fright, and a trivial cause will often startle him and render him, for the moment, uncontrollable. The nature of his movements at such a time cannot reasonably be anticipated, and when we consider his strength and agility it is not unreasonable to suppose that he cannot always be controlled. The defendant in this case, therefore, ought to have provided against the contingency which caused the plaintiff's injury.

To our minds, it seems clear that but for the existence of the ditch in question the plaintiff's husband could have controlled his team, and their sudden fright would not have resulted in any injury to the occupants of the carriage. The rule adopted by the trial court accords with the one adopted by a majority of the courts of this country, and we feel constrained to follow that rule. We therefore hold that one whose negligence has concurred with some other cause, both operating proximately at the same time in producing the injury, is liable therefor.

Defendant complains of the seventh paragraph of the court's instructions. By that instruction the jury were told, in substance, that, to render the defendant county liable for the injury complained of, the insufficient condition of the highway must have been the proximate cause of such injury; that if plaintiff's injury was sustained by reason of the team becoming beyond control of the driver, and such control of said team was for such a distance and such a time as shows that the uncontrollable condition of the team was the proximate and effective cause of plaintiff's injury, then their verdict should be for the defendant.

We have not quoted this instruction, but have attempted to give its substance as we understand it. It is not clear in expression, and is not to be commended. But, as we view the evidence, the defendant was clearly liable to the plaintiff for the injuries which she sustained. It is not contended that the judgment is excessive, and this case ought not to be reversed for a technical error of instructions. Finally, in any view of the case, it cannot be said

that the instruction complained of resulted in any injustice to the defendant.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.