In the Matter of the Estate of ANNIE HAIGH, Deceased.

Surrogate's Court, New York County, October 8, 1928.

*Crane & Arnold*, for the executor.

*Frederick N. Van Zant*, for the objectors.

*Roger Hinds*, for the respondent.

O'BRIEN, S. Upon the motions to confirm and to modify the referee's report, all but two objections to the report were disposed of, so that there are before the court the two questions: *First*, can the accounting executor be required to allow the estate a higher rate of interest than the two per cent and two and one-quarter per cent allowed upon funds deposited with itself as a banking institution, and the three per cent secured by investment of a portion of the estate in United States notes — the objectants claiming that six per cent should be allowed upon said funds; and, *second*, has there been an unreasonable and unjustified delay in the distribution of that part of the estate of Annie Haigh which consisted of these funds taken over from savings banks.

(1) The particular funds which are the subject of this objection were taken over from ten savings banks in which decedent had deposited them and on which she had been receiving four per cent interest. The total amount thus transferred by the executor to itself as a banking institution was $22,241.40 and interest. The first objection is overruled because I am controlled by the construction placed upon section 188 of the Banking Law by the higher courts. (*Herzog* v. *Title Guarantee & Trust Co.*, 148 App. Div. 234; *Matter of People's Trust Co.*, 169 id. 699. See, also, Columbia Law Review, vol. XXIII [1923], 465.)

(2) The second objection is in part sustained. The referee's findings of fact " thirty-fifth " " thirty-sixth," " thirty-seventh," " thirty-eighth," " thirty-ninth," " fortieth," " forty-first," " forty-second " and " forty-third," to some extent describe the persistent and continued efforts made by objectants to compel an accounting. *The burden of proof is on the accountant when unreasonable and unnecessary delay is charged. The accountant has not sustained this*

*burden nor satisfactorily justified the delay.* This failure to sustain said burden is sufficient in itself as a basis for holding the executor responsible for said delay. Especially do I respectfully disagree with the finding of the learned referee, viz.: " Eighteenth:. that pending the final determination of the collateral issues involved in the contest, resulting from the filing of objections to the account filed by the administrator c. t. a. in the estate of Hartley Haigh II, deceased, an orderly and proper distribution of the estate of Annie Haigh could not be had." The funds in Annie Haigh's estate which were the proceeds of various savings bank accounts were concededly her own moneys and not received by her through the will of Hartley Haigh II. The distribution, therefore, of these funds was not related to or dependent upon the settlement of the issues raised in the estate of Hartley Haigh II.

Distribution of said funds could have been made long before the settlement of said issues. It should have been made at least as early as September 30, 1924, the date of the filing of the first account. The executor qualified on May 11, 1922. An accounting could have been compelled after *May 11, 1923.* *On August 25, 1924,* objectants, through their attorney, demanded an accounting and this demand, in writing, was repeated on August 26, 1924, and August 28, 1924. As noted above, the first account was filed on September 30, 1924. There is nothing disclosed in the record which shows that distribution of said funds, viz., the proceeds of the savings bank accounts, could not have been made at that time.

The executor should be surcharged with the difference between the interest which is allowed on said funds, and four per cent interest for the period extending from September 30, 1924, to the date or dates when objectants received said funds. Submit decree on notice modifying the report of the referee in accordance with this decision and settling the account.