In the Matter of the Estate of MORRIS MARKOWITZ, Deceased.

Surrogate's Court, Kings County, June 15, 1934.

*Stewart & Shearer*, for the executors.

*Harold L. Herzstein* for Sylvia Weil.

*Louis A. Sable*, special guardian.

*Conrad H. Ratner*, for Mamie Weil.

*Henry I. Perlin*, for T. A. Markowitz.

*Mayer C. Goldman*, in person.

WINGATE, S. This proceeding arises upon three motions to strike out specified objections interposed by as many objectors, a like number of motions for bills of particulars and a motion for examination of one of the accounting executors.

The briefs submitted on behalf of the estate indulge almost wholly in dissertations respecting alleged facts which are in no wise supported by the record. In this respect they are wholly valueless for any purpose. (*Matter of Mehler*, 143 Misc. 63, 64; *Matter of Morningstar*, Id. 620, 624.)

The motions to strike out are directed to the objections of Mamie Weil and Sylvia Weil that the executors have failed to charge themselves with " certain moneys belonging to Emweil Studios, Inc., at the time of the death of the testator which were in the possession of one of the executors, to wit, Lewis M. White, as attorney for the testator and Emweil Studios, Inc., amounted to approximately Ten Thousand Dollars," and to that of Taube Markowitz, that the account failed to charge the executors with proceeds or rents received by them from various real estate parcels belonging to Emweil Studios, Inc., and Morrismar Realty Corporation and from certain specified properties apparently belonging to the latter.

The motions for bills of particulars, so far as they concern the objections of Sylvia and Mamie are addressed to their objections, made on information and belief, to the listing in the account of the stock of Emweil Studios, Inc., as valueless and the statement that it was worth $10,000, and their objection to the listing of an unpaid claim of Mr. White, one of the executors, in the sum of $725, on the ground that it had been paid.

The particulars sought in the former connection are at what time the contestant claims the shares in question had the value alleged, and her knowledge and information on the subject. . In the latter, information is sought as to when, where and how the $725 was paid to the executor.

The objections of the widow, at which the motion is directed, relate to the scheduled loss on sale of seventy shares of stock of the Pennsylvania Railroad Company belonging to the estate for which

an allowance of $1,542.80 is claimed by the executors, and to the same listed and unpaid claim of the executor above noted. The particulars demanded respecting the latter are the same as those sought from the other contestants. In regard to the former, the executors demand a statement as to the date on which, and the price for which, contestant claims the shares should have been sold, " what loss said contestant claims the estate sustained by failure to sell at that time and whether contestant did not oppose an earlier sale when it was proposed by the executors."

The rules of law pertinent to the last question are so primary that it will be treated first. The fiduciaries admittedly received a non-legal investment on qualification, which was worth $2,738.75. They seek to be relieved of their obligation in this regard by accounting for $1,195.95. In the face of objection, the burden is imposed upon them of justifying this shrinkage in assets. (*Underhill* v. *Newburger*, 4 Redf. 499, 506; *Matter of Taber*, 30 Misc. 172, 180, 181; affd., 54 App. Div. 529; *Matter of Brown*, 86 Misc. 187, 188; affd., 167 App. Div. 912; affd., 217 N. Y. 621; *Matter of Haigh*, 133 Misc. 240, 241; *Matter of Valverde*, 148 id. 49, 52; *Matter of McCafferty*, 147 id. 179, 199, 202, 203.) In view of the location of the burden of proof in this connection, the furnishing of particulars will not be directed.

Respecting the objection to the alleged claim of $725, it will be noted that the contestants do not dispute the creation of the obligation in the first instance, but assert merely that it has been paid. This is an affirmative defense in respect to which these beneficiaries are in essence standing in the position of the estate. Had they disputed the validity or existence of the claim as an entirety, the burden would have lain on the fiduciary to prove it despite its substantial allowance by inclusion in the account. (Surr. Ct. Act, § 209; *Matter of Arkenburgh*, 58 App. Div. 583, 584.) The inception of the claim being admitted, however, the burden of the establishment of the defense of payment is on those asserting it (*Hussey* v. *Culver*, 6 N. Y. Supp. 466, 469; reported by memorandum only, 53 Hun, 637; affd., 130 N. Y. 681; *Little* v. *McClain*, 134 App. Div. 197, 200; *Skelly* v. *Mortimer*, 154 id. 921), wherefore the particulars in this regard will be furnished by the contestants.

The three motions to strike out objections and the bills of particulars sought respecting the other noted items all refer to the same situation, which deserves brief review. The decedent at the time of his death was the owner of all of the shares of the two corporations named, which naturally passed into the hands of his executors, *virtute officii*, giving them absolute control of their businesses and assets.

It is the position of the daughter and granddaughter that at the time of the death the individual executor was largely indebted to Emweil Studios, Inc., and that by reason of his failure and that of his corporate coexecutor to collect this sum from him, the value of the stock of this corporation has been depreciated to the extent of the sum owing and uncollected from him. If this can be established, it will unquestionably form a valid basis for surcharge. (*Matter of Auditore*, 249 N. Y. 335, 345; S. C., 136 Misc. 664, 667, 678; affd., 233 App. Div. 740; *Matter of Ebbets*, 149 Misc. 260, 271; *Matter of Greenberg*, Id. 275, 277.)

It seems apparent that the contestant daughter and granddaughter have sought to raise this issue by their first and second objections to the account, the latter being those against which the motions to strike out are directed. Under ordinary circumstances, the first objection would be sufficient for this purpose, but it is conceivable that, upon the actual hearing, facts might be developed which would necessitate a disregard of the corporate entity making the second objection appropriate. In the present state of the proceeding this question is incapable of proper determination, wherefore the motions will be denied at this time with leave for their renewal at a subsequent stage of the matter, should it be made to appear that the first objections are ample to protect whatever rights the parties may be found to possess.

A similar condition applies to objection numbered " X " of the widow, except that she has elected to rest her position solely on a disregard of the corporate entities. For the present the motion to strike this out will also be denied for like reasons.

The daughter has applied for an examination of the individual accounting executor for the purpose of informing herself in regard to his indebtedness to Emweil Studios, Inc. This examination she is entitled to have for the reasons hereinbefore indicated. She has also requested that a direction to her to furnish particulars in respect to her objection in this regard be delayed until such examination is completed. This request is reasonable in view of the superior position occupied by the accounting fiduciary, and will be granted. No similar request has been made by the granddaughter, wherefore there is no reason for a postponement of the direction to her to furnish the particulars demanded.

By way of summary, disposal of the seven motions will be as follows: (1) The motion of the daughter for an examination of the accountant is granted, as requested; (2) the motions of the executors for particulars respecting the alleged payment of the $725 item are granted as against all contestants; (3) all of the motions to strike out objections are denied with leave to renew after the pertinent

facts are developed; (4) the motion for particulars from the granddaughter in relation to the value of the Emweil stock is granted; (5) the similar motion against the daughter is granted, but the time within which she shall serve such bill is fixed at ten days after the completion of the examination; (6) the motion for particulars respecting the objection of the widow regarding the loss on the Pennsylvania stock is denied.

Proceed accordingly.