[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Defendant's Motion for Summary Judgment contends that the plaintiff cannot as a matter of law, prove that the breach of defendant Commissioner of Transportation's statutory duty was the sole proximate cause of the accident which resulted in the death of plaintiff's decedent. In support, the defendant Commissioner submits, among other exhibits, portions of the deposition of defendant Allison Gallagher, the driver of the car in which CT Page 2901 plaintiff's decedent was a passenger in which she admits running a stop sign. Upon failing to stop, her car collided in the intersection with another vehicle which had the right of way. The death resulted, and this lawsuit followed.
The plaintiff argues that the question of liability is always an issue for the jury to decide and is not an appropriate one for summary judgment.
The Supreme Court has recently reaffirmed the requirement that in actions against the state for damages for injuries on state roads, the standard is as first articulated in Perrotti v. Bennett, 94 Conn. 533 (1920): that for recovery against the state, the plaintiff must prove the Commissioner's action to have been the sole proximate cause of the accident. White v. Burns,213 Conn. 307 (1990). In the instant case, the court takes judicial notice of the fact that judgment entered against the defendant Allison Gallagher for a substantial sum on February 5 1991. Further, the sole allegation in the complaint upon which the judgment was premised was negligence against Ms. Gallagher.
This case is governed by the principle in White v. Burns, supra. There is no material issue of fact in dispute. As a matter of law, the claimed breach of statutory duty by the defendant Commissioner of Transportation could not be the sole proximate cause of plaintiff's decedent's injuries.
The defendant's Motion for Summary Judgment is granted.
/s/ Patty Jenkins Pittman, J. PATTY JENKINS PITTMAN