[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant, Emil H. Frankel, Commissioner of the Department of Transportation, moves to strike the second count of the complaint.
The action is brought pursuant to General Statutes § 13a-144, claiming damages for personal injuries sustained by virtue of a defective state highway. The first count claims that the injuries were sustained by virtue of the icy condition of the highway.
The second count claims that the injuries were caused "in that said highway did not contain adequate drains to accommodate water runoff." The defendant moves to dismiss the second count on the basis that the second count is barred by sovereign immunity.
"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." Craig v. Bronson, 202 Conn. 93, 101
(1987). General Statutes § 13a-144 constitutes a waiver of sovereign immunity concerning "any person injured in person on property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair . . ."
The Supreme Court, in Donnelly v. Ives, 159 Conn. 163,167 (1970) clearly recognizes that a cause of action may arise out of a design defect as concerns state highways. ". . . were the plan of construction adopted one which was totally inadmissible . . . the highway would have been in such a defective condition as to have been out of repair from the beginning." A number of reported cases deal with circumstances whereby the physical structure itself, as created by the improper design directly caused the injury by the plaintiff's vehicle coming into physical contact with the structure or by lack of the structure having sufficient physical integrity to support traffic. See Trotta v.Branford, 26 Conn. App. 407 (1992); Perotti v. Bennett,94 Conn. 540 (1920). The defendant's position, in the present case, is that it was the accumulation of ice that caused the alleged accident, and that an alleged design defect, if CT Page 1409 proven, would be a cause rather than a condition. Hence it is claimed that the court does not have subject matter jurisdiction.
It is quite clear that the court does have subject matter jurisdiction over claims based upon design defects, under the provisions of General Statutes § 13a-144. Questions concerning whether factually such cause of action is capable of proof under the circumstances alleged is not before the court on this motion to dismiss on the grounds of lack of subject matter jurisdiction. The court does have subject matter jurisdiction over the second count of the complaint.
For the reasons set forth herein, the motion to dismiss is denied.
L. Paul Sullivan, J.