Patricia **METZERMACHER**, Est of, Plaintiff–Counter–Defendant– Appellant,

Zachary Metzermacher, Est of, Courtney Metzermacher, Est of, David Metzermacher, Co–Adm, I/O and Dawn Rainville, Co–Adm, I/O, Plaintiffs–Appellants,

v.

**TOWN OF WATERFORD,** Thomas Wagner, Paul Eccard, Murray Pendleton and Thomas Sheridan, Defendants–Appellees,

National RR Passenger Corp., also known as Amtrak, Defendant– Counter–Claimant,

Union Switch & Signal, Inc., Defendant.

No. 07–2562–cv.

United States Court of Appeals, Second Circuit.

Dec. 2, 2008.

Robert I. Reardon, Reardon Law Firm, New London, CT, for appellants.

Michael F. O'Connor, Williams, Walsh & O'Connor, North Haven, CT, for appellees.

Present ROGER J. MINER, SONIA SOTOMAYOR and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Plaintiffs-appellants the Estate of Zachary Metzermacher, the Estate of Courtney Metzermacher, David Metzermacher and Dawn Rainville, and plaintiff-counter-defendant-appellant the Estate of Patricia Metzermacher (collectively, the "Metzermachers") appeal the May 18, 2007 judgment of the United States District Court for the District of Connecticut (Arterton, J.) in favor of defendants-appellees Murray Pendleton, Paul Eccard, Thomas Sheridan, Thomas Wagner, and the Town of Waterford (collectively, the "Town Defendants"). We assume the parties' familiarity with the underlying facts, the case's procedural history, and the issues on appeal.

The Metzermachers acknowledge that a claim of injury resulting from a defect in the road could be pursued against the Town Defendants, if at all, only through Connecticut's Highway Defect Statute, Connecticut General Statute § 13a–149. *See Ferreira v. Pringle,* 255 Conn. 330, 353–54, 766 A.2d 400 (2001) (holding § 13a–149 exclusive remedy for injuries caused by defective roads, pursuant to Conn. Gen.Stat. §§ 7–465 and 52–557n). In this case, the Metzermachers' injuries were suffered in a tragic accident at a railroad crossing. The circumstances allegedly causing those injuries amount to a highway defect under Connecticut law, whether that defect is the alleged malfunction in the existing safety equipment, *see Sanzone v. Bd. of Police Comm'rs,* 219 Conn. 179, 203, 592 A.2d 912 (1991) (holding malfunctioning traffic light a highway defect), or the grade crossing's allegedly inherently dangerous design, *see Perrotti v. Bennett,* 94 Conn. 533, 542, 109 A. 890 (1920) (holding design defect making road dangerous to be a highway defect recoverable under predecessor of Highway Defect Statute, unless governmental immunity for discretionary acts prevents recovery). Accordingly, the Metzermachers cannot sue the Town Defendants under § 52–557n but must pursue their claims, if at all, under § 13a–149.

The result is not changed by the Metzermachers' allegations that the Town Defendants created a public nuisance, because § 52–557n allows such claims only when the injuries do not result from a defective road or bridge. Conn. Gen.Stat. § 52–557n(a)(1). Nor do the Metzermachers avoid § 13a–149 by alleging negligence by Pendleton, Eccard, Sheridan, and Wagner (collectively, the "Individual Town Defendants") in the performance of, or failure

to perform, ministerial duties of their employment with the town. *See Ferreira,* 255 Conn. at 353–54, 766 A.2d 400 (holding plaintiff could not recover under § 52–557n for alleged negligence of town employees in performing ministerial duties of employment where injury resulted from highway defect).

■ Finally, to the extent the Metzermachers seek to hold the Individual Town Defendants liable for allegedly failing to perform ministerial duties required by Connecticut General Statute § 8–22 and sections of the charter of the Town of Waterford, their claims fail because those laws do not grant a private right of action and are not laws protecting any identifiable class of persons from injury. *See Small v. S. Norwalk Sav. Bank,* 205 Conn. 751, 760, 535 A.2d 1292 (1988) (holding statutory negligence actionable even in absence of private right of action when statute is designed to protect a class to which plaintiff belongs from injury of the type that occurred).

For the reasons stated above, the judgment of the district court is AFFIRMED.