THEODORE BROWN *vs.* THE NEW HAVEN TAXICAB COMPANY.

Third Judicial District, Bridgeport, October Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

One may be the "owner" of a motor-vehicle, within the meaning of that word in § 2 of Chapter 231 of the Public Acts of 1915, requiring the registration of such vehicles, although another has the strict legal title.

In the present case evidence was offered that the automobile was bought by and for the plaintiff with money advanced to him therefor by one M, who took a conditional bill of sale directly from the vendor to secure him, M, for his loan, and that the plaintiff had been in the exclusive use and possession of the car and received its earnings from the date of its purchase until its injury by the defendant in a collision. *Held* that this evidence entitled the plaintiff to go to the jury upon the question of his ownership of the automobile.

A trial judge has jurisdiction to set aside a verdict, although directed by him, if he afterward becomes satisfied that his instruction was erroneous and that the verdict is against the evidence.

Where the question of the propriety of a directed verdict which is afterward set aside as against the evidence, is raised by the appellee upon a bill of exceptions, it is open to this court to grant a new trial for error in such instruction.

Argued October 24th—decided December 15th, 1917.

ACTION to recover damages for injuries to the plaintiff and to his automobile, alleged to have been caused

by the negligence of the defendant's servant, brought to the City Court of New Haven and tried to the jury before *Booth, J.;* the court directed a verdict for the defendant, but subsequently, upon motion of the plaintiff, set aside the verdict so rendered and granted a new trial, and from this decision the defendant appealed. *No error.*

*Prentice W. Chase,* for the appellant (defendant).

*George W. Crawford,* for the appellee (plaintiff).

RORABACK, J.   At the close of the evidence in this case the defendant moved the court to direct a verdict upon the ground that the automobile which the plaintiff alleged and claimed to own was not properly registered as required by the provisions of § 19 of the Motor Vehicle Law (Public Acts of 1915, Chap. 231), the material portion of which is as follows: "No recovery shall be had in the courts of this State, by the owner or operator, or any passenger of a motor vehicle which has not been legally registered in accordance with section two or three of this act, for injury to person or property received by reason of the operation of such motor vehicle upon the public highways of this State, unless such motor vehicle is the property of a non-resident and is within the provisions of section ten of this act."   Section 2 of this Act provides that "every owner of one or more motor vehicles shall file annually in the office of the secretary, on a blank furnished by said secretary: (a) a statement of his name, residence, and postoffice address; (b) a description of each motor vehicle owned or controlled by him, including the name of the maker, the number, if any, affixed by the maker."

The court, in directing a verdict, charged the jury.

as follows: "The testimony disclosed that the Biever Motor Company . . . had given a conditional bill of sale of this car. The legal title, therefore, still remained in the Biever Motor Company until the final payment was made thereunder. I therefore sustain the motion for a directed verdict, and direct you—as the legal title, as distinguished from the equitable title, was in the Biever Motor Company at the time of the accident—to return a verdict for the defendant."

In this there was error. The words of a statute are to be interpreted in their natural and usual meaning unless the context indicates that a different meaning was intended. By our statute words and phrases are to be construed according to the commonly plain usage of language.

We know that the word "owner" is often used to designate the person having an interest in property under a special title, and it is our opinion that it was so used in the provisions of the statute relating to motor vehicles. 29 Cyc. 1549, and cases cited in the note. The word has different meanings, and must have its proper significance in each case in view of the subject, the object, and the provisions of the statute in which it is found. A bailor may have a general, and a bailee a special, ownership in the subject of the bailment. 2 Hale on Bailments, 56. See, also, *United States* v. *Ninety-Nine Diamonds*, 72 C. C. A. 9, 18, 139 Fed. Rep. 961, 970, 2 L. R. A. (N. S.) 185, 193.

This court has held that a person who hired a carriage for a limited time had a special property in it, in the meaning of a statute which provided a remedy against one who "shall . . . drive against another vehicle and injure its owner." *Camp* v. *Rogers*, 44 Conn. 291, 298.

The defendant, in support of its contention that the automobile was not properly registered in the name of

the owner, places special emphasis on the case of *Stroud* v. *Water Commissioners*, 90 Conn. 412, 97 Atl. 336. The present case is unlike the *Stroud* case, in which the court held that one, who had falsely registered the automobile there in controversy in the name of another as owner who never had any interest therein, could not recover in his own name as the alleged owner or as one in the control of the car.

In the present case it is conceded that the car which the plaintiff alleged was injured and owned by him was registered in his name. The jury would have been warranted in finding from the evidence that the car in question was bought by and for the plaintiff, with money which he borrowed from one Cornelius Mayo, who took a conditional bill of sale from the vendor to secure him for the money which he had loaned to the plaintiff to pay for the car; that Mayo never claimed to own the car or control it, or in any manner exercised any acts of ownership or possession over it. The evidence also warranted the finding that the plaintiff had been in the exclusive possession and absolute control of the car from the time it was purchased until it was injured by the collision; that during this time the plaintiff received the earnings of the car in its operation by the plaintiff for jitney purposes. It also appears from the evidence that the arrangements claimed to have been made between Mayo and the plaintiff were made by parol. Whether or not they were made in good faith and not for the purpose of evading the law, as claimed by the plaintiff, were questions of fact. Such having been the situation upon the trial, we are of the opinion that the evidence as to the ownership of the car by the plaintiff was sufficient to entitle him to go to the jury on that question.

The defendant now contends that "the judge, after having directed the jury to bring in a verdict for the

defendant, had no further jurisdiction in the case." We know of no law which forbids a trial judge from setting aside a verdict which is consistent with and in obedience to an instruction which is erroneous. The manner in which the jury has reached a verdict cannot effect the jurisdiction of the court to set it aside if contrary to the evidence. In setting aside the verdict of a jury, the court is not directly reviewing its own action, but the action of the jury. The court might direct the jury to render a particular verdict, and the jury might refuse to bring in a verdict as directed. It is plain, therefore, that the jurisdiction of the court to grant a new trial because the verdict was against the evidence was not lost because the court directed an erroneous verdict.

Again, the question embodied in the direction of the verdict has been presented to us by the plaintiff in a bill of exceptions authorized by the provisions of §§ 804 and 806 of the General Statutes. If necessary, this court could order a new trial upon the plaintiff's bill of exceptions as to the direction of the verdict if his exceptions are well taken.

There is no error.

In this opinion the other judges concurred.