Kaufman *v.* Hegeman Transfer & Lighterage Terminal, Inc.

determining question in the action was admitted by the demurrer, we are still left in this position, that several items of claimed newly-discovered evidence are set forth in the complaint as contradicting the evidence produced at the trial or weakening its effect, while we are left in the dark as to the detail of that evidence and as to some evidential matters which were undoubtedly a part of the defendant's case in the original action. This latter must have contained, if given in full, matters of place and date, and probably contained other details. The trial court, in passing upon the question of granting a new trial, was not furnished with the apparatus required by our practice, which is outlined in the Revision of Swift's Digest, Vol. 1, [787], and elaborated in the opinion in *Gannon* v. *State*, 75 Conn. 576, 54 Atl. 199, and this court is equally at a loss. As the complaint stands, in addition to the defects mentioned, it is open to the objections raised by the demurrer, which was properly sustained. We cannot say upon the record that the legal discretion pertaining to the trial court in this class of cases was not properly exercised.

There is no error.

In this opinion the other judges concurred.

---

SAMUEL KAUFMAN *vs.* THE HEGEMAN TRANSFER AND LIGHTERAGE TERMINAL, INCORPORATED, ET AL.

Third Judicial District, Bridgeport, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Under § 61 of the Motor Vehicle Act of 1921, an owner of an automobile which is not legally registered in his name cannot recover damages for an injury to him or to it while it is being operated upon the high-

ways of this State; and this rule applies to an automobile which, at the time of its registration, was owned by a firm in whose name it was properly registered, but which thereafter, by dissolution of the firm and the mutual distribution of its assets, became the sole property of one of the partners by whom it was being operated at the time of the injury.

Evidence of the registration in the firm name and of the subsequent dissolution and transfer of title to one of the partners, does not tend to prove a lawful registration by its owner at the time of the accident, and is irrelevant when offered for that purpose.

It is not necessarily contributory negligence, as matter of law, for the operator of an automobile to drive it in the night at such a rate of speed that he cannot stop it within the limit of his vision ahead; whether he is to be chargeable with negligence or not, depends upon what is reasonable under all the circumstances, and unless they unmistakably point to but one conclusion, the decision of that question is essentially one of fact for the determination of the trier. To hold otherwise, would force the traveler to assume that the highway was liable to be obstructed and, in view of this, to so travel that he would not collide with any obstruction in the highway however negligently that might have been created and maintained.

In the present case two motortrucks which had been in collision stood at substantially right angles to and across the plaintiff's side of the highway, one of which was endeavoring to pull the other out of the ditch; neither truck carried any lights or signal of danger and no warning of the situation was given to approaching travelers. *Held* that whether the plaintiff was chargeable with contributory negligence in running into this obstruction in the night, was a question for the jury under all the circumstances.

Argued October 25th—decided December 13th, 1923.

ACTION to recover damages for injuries to the person and automobile of the plaintiff, brought to the Superior Court in Fairfield County and tried to the jury before *Wolfe, J.;* verdict and judgment for the plaintiff against both defendants, from which the latter appealed. *Error and new trial ordered.*

*Carl Foster*, for the appellant (defendant E. N. Smith Trucking Company).

*William W. Bent*, for the appellant (defendant Hegeman Transfer and Lighterage Terminal, Inc.).

*Joseph G. Shapiro* and *Harry Allison Goldstein,* for the appellee (plaintiff).

WHEELER, C. J. The plaintiff offered evidence to prove that on August 26th, 1921, the motortruck of the defendant Hegeman Transfer & Lighterage Terminal, Inc., while traveling easterly on the Boston Post Road in Westport, was negligently run into by the motortruck of the defendant E. N. Smith Trucking Company, traveling westerly, and as a result the Smith Company's truck turned at right angles to the highway, its front dropped into a ditch, and its rear projected well over the traveled portion of the highway. Thereupon the Hegeman Company truck backed to the rear of the Smith Company truck and attaching the two trucks by a chain, attempted to pull it out of the ditch, and was thus engaged for some time. The two trucks during this time were negligently left standing in the highway without lights or signal thereon and with no lights visible from the front or rear of the trucks, and no warning was given by the defendants to travelers from the east upon this highway. About 4:30 a. m., a half hour before sunrise, the plaintiff, a duly-licensed automobile operator, was the owner of a Reo automobile, and was traveling therein westerly on this highway at a speed of between twenty and twenty-five miles an hour and in the exercise of due care, when his automobile collided with these trucks standing across this highway, and he suffered the injuries and loss for which he sues to recover. The automobile was duly registered in the name of Schine and Kaufman, December 29th, 1920. Schine and Kaufman were a copartnership consisting of one Schine and the plaintiff Kaufman. On February 7th, 1921, the partners executed an agreement of dissolution of the copartnership, as a part of which Schine transferred to Kaufman his

interest in the automobile which Kaufman was driving at the time of the accident, and Kaufman transferred his interest in certain property to Schine, and the difference in value was adjusted by Kaufman paying this difference to Schine. On September 30th, 1921, Kaufman procured a certificate of registration of this car in his own name.

The appeal from the denial of defendants' motion to set the verdict aside as against the evidence, is based upon defendants' single proposition, that "it is contributory negligence for the operator of an automobile to operate such motor vehicle at such a rate of speed that he cannot stop the motor vehicle in the space included in his vision ahead of him." The proposition is based upon the assumption of fact that this operator could not stop the motor-vehicle in the space of his vision. It takes the distance the plaintiff saw the trucks ahead on this morning ten to fifteen feet. It leaves out of the proposition the distance ahead the plaintiff could have seen had the automobile displayed a light with which to warn approaching travelers. It does not appear but that had such warning been given, the plaintiff could have stopped his car within the space included in his vision even though he were traveling at this speed. He was entitled to assume that the highway was open for public travel and, in the absence of warning, that he could safely travel thereon at a reasonable rate of speed. We cannot hold, as matter of law, that traveling upon the right side of a highway, such as this was at this point, in the night season, at twenty to twenty-five miles an hour, is negligent conduct. It depends upon all the circumstances of each case and, unless they unmistakably point to one conclusion, the decision is essentially one of fact for the trier, since it is merely the determination of what is reasonable under the circumstances. The defend-

ants would force the traveler to assume that the highway was liable to be obstructed and, in view of this, to so travel that he should not collide with any obstruction in the highway however negligently it may have been maintained upon it. It would thus impose upon the traveler the exercise of extraordinary care instead of ordinary care under the circumstances. The court did not err in not charging the jury that the plaintiff was guilty of contributory negligence and therefore could not recover. Whether the verdict should have been set aside upon the ground that the plaintiff had failed to make out a prima facie case that the motor-vehicle in which he was riding was duly registered at the time of this accident, we leave until we have passed upon the rulings on evidence which involve the same point.

Errors assigned in the charge and in the refusal to charge as to the inability of the plaintiff to maintain his action, due to his failure to have registered his automobile, cannot be considered, since there is nothing as to the subject-matter of registration in the facts as recited in the finding which the plaintiff offered evidence to prove and claimed to have proved. The evidence is a part of the record for the sole purpose of enabling the court to pass upon the denial of the motion to set aside the verdict, and cannot be used for the purpose of supplying facts in connection with which the parts of the charge complained of may be reviewed. The rulings on evidence practically cover the most substantial portions of the charge as to registration of which the defendants complain.

The plaintiff offered in evidence, over defendants' exceptions, a certified copy of the registration of the car in question in the name of Schine and Kaufman, dated December 29th, 1920. He also offered in evidence, over defendants' exception, Exhibit E, which

purported to be an agreement of dissolution between Schine and Kaufman dated February 7th, 1921. This recites a division of some of the personal property of the firm and the continuance of the partnership for the purpose of liquidating the stock in trade and the collection of the accounts, and thereupon, after the payment of all of the outstanding obligations of the partnership, the parties agreed upon a division of the assets remaining in a named proportion. In the division of the personal property Schine transferred the automobile in question to Kaufman at an agreed price, and Kaufman transferred certain property to Schine at an agreed price, and the difference in value of the property transferred to each was adjusted by Kaufman paying this difference to Schine. This was *pro tanto* a mutual distribution and transferred all interest of Schine in the automobile to Kaufman, and from the time he took possession of it he became the sole owner of it.

These two instruments were objected to by the defendants as not relevant to prove that the automobile so transferred to Kaufman was legally registered on August 26th, 1921. Section 61 of the Motor Vehicle Act then in force provided: "No recovery shall be had in the courts of this State by the owner of a motor vehicle which has not been legally registered in accordance with section nine for injury to person or property received by reason of the operation of such motor vehicle upon any public highway," etc. Section 11 (a) provided: "Upon the transfer of ownership of any motor vehicle its registration shall expire, and the person in whose name such vehicle is registered shall, within twenty-four hours, return the certificate of registration and the number plates to the commissioner, with a written notice under oath containing the date of such transfer of ownership, and the name, place of

residence and post-office address of the owner." Public Acts of 1921, Chap. 400.

The word "owner," as used in § 61, includes both the legal and equitable owner and anyone having an interest in the automobile under a special title. *Brown* v. *New Haven Taxicab Co.*, 92 Conn. 252, 254, 102 Atl. 573. We say in *Shea* v. *Corbett*, 97 Conn. 141, 145, 115 Atl. 694: "The registration certificate is for the purpose of identification and revenue." The Massachusetts Supreme Judicial Court said of statutory provisions similar to these: "The ruling purpose and intention of the legislature in the enactment of the statute requiring the registration of motor vehicles in the name of the owner, and a new registration in case of transfer of ownership, was for identification in order that travellers upon the highways in case of accident might be able to fix responsibility therefor." *Rolli* v. *Converse*, 227 Mass. 162, 165, 116 N. E. 507; *Stroud* v. *Water Commissioners*, 90 Conn. 412, 414, 97 Atl. 336.

When, under the mutual distribution, Schine assigned to Kaufman his interest in this automobile, Kaufman's ownership in it, so long as the transfer held, was his interest under the partnership joined to the interest of Schine transferred to him, and this constituted an absolute ownership. Travelers seeking to fasten responsibility for a collision with this automobile would pursue Schine and Kaufman, for these would be the names in which the car was registered. The statute sought to avoid such a situation and to make the identification of the owner certain, by providing that with each transfer the registration of the automobile should expire. Unless the registration provisions of the Motor Vehicle Law are given the effect their language carries, the identification of the automobile, both for public and private purposes, will often fail and the intention of the legislature be defeated. Every

provision of the Act which helps to compel the registration of motor-vehicles in the name of their true owner, makes it easier for the public to follow the instrumentality which is so frequent an aid to crime, and for the injured traveler to fasten responsibility for his injury and loss speedily upon him who caused it.

The objection of irrelevancy should have been sustained. Neither the certificate of registration of Schine and Kaufman, nor the agreement for a dissolution of that firm, tended to prove a registration by Kaufman as the owner of this automobile at the time of the accident. The legislature in its wisdom has determined that public policy requires a new registration with each transfer, and that the general rule of law, that the unlawful act must have some causal connection with the injury complained of (*Hemming* v. *New Haven*, 82 Conn. 661, 74 Atl. 892), should not be applicable in the case of the illegally registered or unregistered automobile; and it is for us to apply the law as the legislature intended it. Since there was no legal evidence before the jury that the plaintiff's automobile was registered in the owner's name, it follows that the court erred in its denial of defendants' motion to set aside the verdict.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.