ANNA MARCIEL vs. BARNEY BERMAN ET AL.

Third Judicial District, New Haven, January Term, 1926.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

The written exceptions annexed to a motion to correct the finding constitute the foundation for any appeal relating to such correction; and an exception is defective unless it states as the basis upon which it is taken, one of the permissible grounds for the correction of a finding set forth in § 11, page 309 of the Practice Book.

That a fact is found against the weight of the evidence is not a permissible ground for the correction of a finding.

The certificate of registration of a motor vehicle is for the purpose of identification and revenue.

The word "owner," as used in §§ 8, 9 and 61 of Chapter 400 of the Public Acts of 1921 relating to the registration of motor vehicles, includes both the legal and equitable owner and anyone having an interest in the vehicle under a special title.

In the present case, the plaintiff on February 10th, 1923, took from W an instrument which purported to be a chattel mortgage upon a motortruck which W had purchased from the M. Co. upon a conditional bill of sale with money loaned him by the plaintiff. The possession of the truck was not transferred to the plaintiff but, on January 2d, 1924, she caused it to be registered in her name. On June 26th, 1924, W surrendered the truck to the M. Co., and, on the same day, the truck was transferred, first by the M. Co. to S, and then by S to the plaintiff, who took possession under a conditional bill of sale. Thereafter in the same year the truck collided with the defendant's automobile; and in the present action, the defendant claimed that the plaintiff was barred from a recovery by § 61 of Chapter 400 of the Public Acts of 1921, because she was not legally entitled to register the truck as its "owner." *Held* that this claim was without merit, since, throughout the period in question, she had an equitable interest sufficient to support registration in her name, first under the chattel mortgage which was good as between the parties, and later under the conditional bill of sale.

Argued January 26th—decided February 23d, 1926.

ACTION to recover damages for injuries to the plaintiff's automobile, alleged to have been caused by the

defendant's negligence, brought to the Superior Court in New Haven County and tried to the court, *Hinman, J.;* judgment for the plaintiff to recover $2,176.76, and appeal by the defendants. *No error.*

*Warren F. Cressy,* for the appellants (defendants).

*Max R. Traurig,* for the appellee (plaintiff).

CURTIS, J. If the finding is not corrected, it could not reasonably be claimed that the judgment could be attacked because of the conclusions of the court as to negligence or contributory negligence.

The defendants excepted to paragraph twenty-seven of the finding and to the refusal of the court to find paragraphs 27 and 27a of its motion to correct the finding. In their reasons of appeal nineteen, twenty and twenty-one, they allege as a ground of error this action of the trial court. But neither in the motion to correct, nor in the exceptions to the finding, nor in the reasons of appeal, do the defendants set forth any ground for the correction of the finding.

The motion to correct, the exceptions to the finding, and the reasons of appeal are apparently based on a claim that some facts were found against the weight of the evidence. That is not a permissible ground for the correction of a finding, hence the refusal to correct is not a basis for an exception or for a reason of appeal. *DeFeo* v. *Hindinger,* 98 Conn. 578, 580, 120 Atl. 314. We there say, page 580: "The written exceptions, annexed to a motion to correct [a finding], are the foundation of an appeal relating to the correction of a finding." An exception should state the ground or basis of the exception, substantially on one of the grounds disclosed by the rules. *Perrotti* v. *Bennett,* 94 Conn. 533, 109 Atl. 890. The Practice Book, page

309, § 11, states the grounds for an exception. See *Hine* v. *McNerney,* 97 Conn. 308, 116 Atl. 610; *Moran* v. *Holmes Mfg. Co.,* 99 Conn. 180, 121 Atl. 346; *Dexter Yarn Co.* v. *American Fabrics Co.,* 102 Conn. 529, 129 Atl. 527.

This disposes of all the reasons of appeal relating to a correction of the finding, and, as stated at the outset, all the reasons of appeal attacking the conclusions of the court relating to the negligence of the defendant or the contributory negligence of the driver of the plaintiff's automobile, are not tenable unless the finding is corrected.

There remains for consideration the defendant's claim, "that the court erred in its conclusion that at the time of the collision, the situation as to the registration of the truck was such as to entitle the plaintiff to maintain and recover in this action."

The defendants' claim of error is that the provisions of § 61 of Chapter 400 of the Public Acts of 1921 bar a recovery by the plaintiff, since upon the facts found she was not the owner of the motor vehicle damaged. This section provides that "no recovery shall be had in the courts of this State by the owner of a motor vehicle which has not been legally registered in accordance with section nine for injury to person or property received by reason of the operation of such motor vehicle upon any public highway."

The facts relating to the ownership and registration of the Mack truck, injured in the collision and for which the plaintiff brought this action, are as follows: Before February 10th, 1923, one F. C. Washington, of Waterbury, was the owner of the truck under a conditional bill of sale from the Mack Truck Company, and he had possession of and was using the truck in his moving business. On that day Washington purported to mortgage his interest in the truck to

Marciel *v.* Berman.

the plaintiff by a chattel mortgage (recorded in Waterbury) to secure an indebtedness of $3,800 to the plaintiff, which sum the plaintiff loaned him to purchase the truck. On January 2d, 1924, the plaintiff caused the truck to be registered in her name because of such mortgage interest. Washington, after his purchase of the truck, took and held possession of it until June 26th, 1924, when he transferred the truck to his conditional vendor, the Mack Truck Company, and was released from all liability to that company. The Mack Company then transferred the truck to one S. J. Sullivan and he took possession thereof, and on the same day Sullivan executed a conditional bill of sale to the plaintiff, and she took possession of the truck thereunder, and thereafter Washington ran the truck as her agent in the moving business, and on the day of the collision the truck was being operated by him as her agent.

The defendants concede that the plaintiff, after June 26th, 1924, was the owner of the truck in such sense that it was properly registerable in her name. The defendants claim that although the truck was on the day of the collision in the possession of the plaintiff, and that she was then a conditional vendee of the truck and had held a so-called chattel mortgage upon it when she registered it as above stated, yet that, under the provisions of § 61, she was not the owner and entitled to register the truck, and hence is barred of her recovery.

In *Shea* v. *Corbett,* 97 Conn. 141, 145, 115 Atl. 694, we say that "the registration certificate is for the purpose of identification and revenue." In *Kaufman* v. *Hegeman Transfer & Lighterage Terminal, Inc.,* 100 Conn. 114, 120, 123 Atl. 16, we say that the word " 'owner,' as used in § 61, includes both the legal and equitable owner and anyone having an interest in the

automobile under a special title"; citing *Brown* v. *New Haven Taxicab Co.,* 92 Conn. 252, 254, 102 Atl. 573. This definition of owner is equally applicable to the word in §§ 8 and 9 of Chapter 400 of the Public Acts of 1921, relating to the registration of motor vehicles.

It could not reasonably be claimed that the plaintiff, under her chattel mortgage, did not have an equitable interest in the Mack truck. The so-called chattel mortgage was good between the parties. *Patchin* v. *Rowell,* 86 Conn. 372, 377, 85 Atl. 511. Nor could it reasonably be claimed that her interest as conditional vendee was not that of an owner under this statute, and that she might have registered the truck as such vendee. Her equitable interest in the truck continued as mortgagee and later as conditional vendee up to the time of the collision. She was, therefore, entitled to register the truck as an owner, and can maintain this action as an owner, and § 61 does not bar her recovery.

There is no error.

In this opinion the other judges concurred.