PEARL SWEARSKY *vs.* THE STANLEY DRY GOODS COMPANY, INC.

MALTBIE, C. J., HINMAN, BANKS, BROWN and JOHN RUFUS BOOTH, Js.

8

Argued May 13th—decided July 10th, 1936.

*Thomas R. Robinson,* with whom, on the brief, was *Daniel L. O'Neill,* for the appellant (defendant).

*Louis Feinmark,* for the appellee (plaintiff).

BROWN, J. The following material facts appear from the court's finding, modified by the corrections

to which the defendant is entitled. On and for a long time prior to February 4th, 1935, the defendant occupied a store on the south side of Chapel Street, in New Haven, in the shopping district, the sidewalk in front of which is used by many pedestrians. The sidewalk extends from the curb to the building front which is comprised of large show windows, and there is an entrance vestibule the floor of which slopes slightly from the door to the sidewalk. Shortly after 7 o'clock in the morning on that day, when the defendant's store was not open for business, the plaintiff while walking on the sidewalk opposite this entrance, in the exercise of due care, slipped, fell, and was injured. Her fall was caused by her foot slipping on a wet, slimy area, extending across the walk from entrance to curb, which resulted from slimy water Harry Chometa had shortly before pushed out of the vestibule onto the walk with a large squeegee incidental to washing the vestibule floor, the temperature at the time being slightly below freezing. On previous occasions the presence of slimy water on the walk in front of this store, similarly caused, had existed. Chometa had washed this floor pursuant to an oral contract with the defendant under which from the time the defendant first occupied this store, he came there daily to wash the show windows and mop the vestibule, and the defendant paid him $30 per month. The understanding was that he was to wash the vestibule and windows daily, except that he was to use his own judgment as to washing the latter in freezing weather. Either party to it had the right to terminate this contract at the end of any monthly period. Chometa did business under the name The New England Window Cleaning Company, owned the equipment which he used in his work, bringing it with him in his automobile except for a pail and short length of hose which he kept on a ledge over the

revolving door at the defendant's store, and had some forty other places where he performed cleaning work. He had no key to defendant's store and did not enter it in connection with his work, but used a faucet in the vestibule to obtain water therefor. He usually performed his work before 7 o'clock in the morning, at which time the store was not open for business. He had the exclusive control of the means and method of doing the work. It was his daily practice after washing the vestibule to force the excess water out onto the sidewalk, where it remained until it dried up which usually took about an hour. When the temperature was below freezing, as on this day, this was a negligent method of doing the work, rendering the sidewalk, in a measure at least, unsafe for the time being.

The court concluded that Chometa was an independent contractor but that the defendant was liable notwithstanding for his acts in creating the slippery condition of this sidewalk, because of negligence in failing to provide a drain or other means for the disposal of the excess water from the vestibule, and in failing to require Chometa to thoroughly dry it so that the water would not flow onto the sidewalk. There was no evidence of the lack of such drain or other means of taking care of this water, and the finding as corrected does not support the conclusion that the defendant was negligent in failing to provide it. The question involved under the second ground of the court's conclusion, is this: is the defendant as owner of these premises liable in damages for the injury to the plaintiff resulting from the negligence of Chometa, an independent contractor, because it did not exercise control over him in the performance of his contract?

The court in its memorandum of decision states, "the defendant becomes liable under the various exceptions" to the general rule that the employment of an inde-

pendent contractor excuses the contractee from liability for the contractor's negligence. There are but three such exceptions that can fairly be construed as possibly applicable to the facts here, apropos to the court's suggestion. The first, and in view of its finding of "concurring negligence," the one apparently primarily relied upon by the court, relates to negligence of the contractee (the defendant) connecting itself with that of the contractor in such manner as to render both liable. *Lawrence* v. *Shipman*, 39 Conn. 586, 590 (fourth exception). The second relates to a contract for work which is likely to interfere with the safe use by travelers of the highway. The third relates to a contract for work giving rise to a nuisance.

With regard to the first of these, as the defendant well suggests in its brief, no concurring negligence appears, unless it can be found in the failure of the defendant to prevent Chometa's negligent acts. To impose liability upon this ground would entirely abrogate any protection of the contractee under the independent contractor rule. The law is not so. 18 A. L. R. 801, note. But this aside, upon the finding as corrected, the court's conclusion that the defendant was negligent is unwarranted. No actual knowledge by the defendant of Chometa's negligent conduct is found, nor is there evidence of it. Nor in view of the fact that this work was always done sometime before the store was opened for business in the morning in the absence of any representative of the defendant, and of the distinctly temporary effect which resulted from any flow of water onto the walk, can the court's finding that the defendant was charged with knowledge thereof be supported. With this essential lacking from the finding as corrected, there is no basis for the court's conclusion that the defendant was negligent in failing

to require Chometa to prevent the water from flowing onto the walk.

The principle of the second exception above referred to, is a corollary to the second exception mentioned in *Lawrence* v. *Shipman,* supra, that where the work contracted for obviously exposes others to unusual peril, the contractee is liable for the negligence of the contractor injuring a third party, and applies to the specific situation of such work contracted to be done on property abutting a highway and so likely to imperil travelers thereon. Where the work contracted for constitutes an obstruction or defect in the street, of such a nature that it will naturally expose travelers to probable injury unless properly guarded or protected, the employer as well as the contractor is liable for an injury directly resulting from the acts the contractor is engaged to perform. 4 Dillon, Municipal Corporations (5th Ed.) § 1723; *Alexander* v. *Sherman's Sons Co.,* 86 Conn. 292, 299, 85 Atl. 514; *Douglass* v. *Peck & Lines Co.,* 89 Conn. 622, 627, 95 Atl. 22; *Robbins* v. *Chicago City,* 71 U. S. (4 Wall.) 657, 678; *Birmingham* v. *McCary,* 84 Ala. 469, 4 So. 630; 65 L. R. A. 833, note, at page 842. The exception contemplates a contract for something which will make the highway extrinsically dangerous to travelers; 14 R. C. L. p. 97, § 34; something the necessary or probable effect of which would be to injure others. *Norwalk Gaslight Co.* v. *Norwalk,* 63 Conn. 495, 526, 28 Atl. 32. Patently the washing of the defendant's windows and vestibule here contracted for, lacks these requisites, and this case is not within this exception.

The nature of the cases referred to in the note above cited, and those in the note in 23 A. L. R. 1054, relied upon by the plaintiff in her brief, predicated upon excavations made in the street, apertures left open in or near the street, various sorts of construction work in

the highway, piles of material left therein, the construction or repair of the walls of a building abutting the street line, the repair or erection of signs or awnings on such walls, etc., none of which involve a factual situation analogous to this case, is corroborative that this exception is not applicable to the facts of the present case. The fact that the plaintiff has directed our attention to no case with facts similar to this one, held to be within it, and that we have found none, confirms this conclusion. Two cases, on the other hand, of injury sustained by a plaintiff user of the highway through the negligence of an independent contractor in washing windows of a defendant's abutting building, where the defendant was held not liable, are cited on the defendant's brief. In one of these, *Aita* v. *John Beno Co.*, 206 Iowa, 1361, 222 N. W. 386, the plaintiff was struck by some equipment negligently used by the window cleaner, and it was held that the case did not fall within any exception to the independent contractor rule. In the other, *Pickett* v. *Waldorf Systems, Inc.*, 241 Mass. 569, 136 N. E. 64, the plaintiff was injured by slipping upon ice on the sidewalk formed by the freezing of water used by the window cleaner in washing the defendant's windows. In denying liability the court said (p. 571): "There was no negligence on the part of the defendant in making a contract with the . . . Company to wash its windows regularly. The defendant had no power to enjoin or restrain [and if the contract was] carefully . . . performed no harm would result to anybody. It was not a natural consequence of cleaning windows that there should be ice on the adjacent sidewalk. The negligence which caused the plaintiff's injury was a mere detail of the work not contemplated by [the] parties as an incident of the contract." This language is equally applicable to this case, which does

not fall within this exception as claimed by the plaintiff.

The third exception above referred to, predicated upon a contract for work which as done gives rise to a nuisance, requires no discussion upon this record. The court neither found nor concluded that there was a nuisance, nor are we asked to correct the finding in this respect, and the judgment is not predicated upon the existence thereof. The plaintiff having neither raised the question of the court's failure so to hold, by a bill of exceptions under § 364, page 109, or by an assignment of error as to the finding under § 350, page 103, of the Practice Book, is precluded upon its claim now made, that there was a nuisance here which brings the case within this exception to the independent contractor rule.

There is error, and the cause is remanded with direction to enter judgment for the defendant.

In this opinion the other judges concurred.