EDWARD McGOWAN
vs.
JOHN A. MacDONALD
(Commissioner of State Highways)

Superior Court    New Haven County    File #46739

Present: Hon. CARL FOSTER, Judge.

William H. Burland,    Attorney for the Plaintiff.

Watrous, Gumbart,
Hewitt & Corbin,    Attorneys for the Defendant.

MEMORANDUM FILED NOVEMBER 24, 1936.

FOSTER, J.   On and before October 31, 1932 Whitney Avenue in the Town of Hamden was a state trunk line under the control of the State Highway Commissioner.   At a certain designated point in this highway repairs to the same had been in progress.   This work was being done by one Collie Pleines, acting under a permit from the State Highway Department. The work consisted of putting a concrete patch in the highway covering an excavation made by Pleines at some previous time.

On the night of October 30, 1934 there was erected around the uncompleted work a barricade consisting of dirt and fragments of broken concrete upon which was placed a saw-horse. Upon the saw-horse was hung a lighted lantern.   Some time during the night the light in the lantern became extinguished. At 2:30 A.M., an automobile driven by one Moore in which the plaintiff was a passenger ran into the barricade and the plaintiff was injured.

This action is not based upon negligence but upon the duty and liability of the State as provided in **General Statutes, Section 1481.**   The liability of the State is limited to those injuries caused solely by defects in a highway without any contributory cause through the acts of the plaintiff or any third party.

**Falkowski vs. MacDonald, 116 Conn. 241-3.**

**Perrotti vs. Bennett, 94 Conn. 533, 542.**

Matchulot vs. Ansonia, 116 Conn. 55.

Gustafson vs. Meriden, 103 Conn. 598.

Horton vs. MacDonald, 105 Conn. 356, 364.

That a proximate cause of the plaintiff's injuries was the defect in the highway created by the unlighted barricade can hardly be disputed.

The defendant claims that acts of Moore, the driver of the automobile, were contributing causes of the injuries. He calls attention to evidence that Moore could see no more than thirty-five feet ahead of him as the automobile approached the barricade and claims that this is evidence that Moore was guilty of contributing negligence in operating an automobile with headlights not in conformity to statutory requirements. There is no evidence in the case as to the strength of the headlights on the automobile. It was a dark night and hazy. The mere fact that Moore did not see more than thirty-five feet ahead of him falls far short of proof of insufficient headlights on the automobile. Not only might haze or fog have interferred with his vision, but moist windshield, moist eye glasses, other agencies might have caused a similar result.

Baldwin vs. The City of Norwalk, 96 Conn. 1.

Kaufman vs. Hegeman Transfer and Lighterage Terminal, Inc., 100 Conn. 114.

The defendant claims that the failure of the lantern to be lighted was a contributing cause of the plaintiff's injury and that this was the neglect of Pleines.

We must emphasize that this is not an action based on negligence. The one and sole cause of the plaintiff's injury was the defect in the highway. If the defect was caused in part by the unlighted lantern this does not diminish the duty of the defendant as to maintenance of the highway in a reasonably safe condition. If the defect was caused by Pleines, then under the statute the State has its remedy against Pleines. For example, if Pleines in an auto truck had forced Moore over on to the defect in the highway, then there would be an act of a third person so contributing to the injury of the plaintiff as to nullify the statutory liability of the State. Any act or failure of action of Pleines however was a part of the defect in the highway which was the sole cause of the plaintiff's injury, and for this defect, being the sole cause of injury,

the defendant is liable. To state the proposition in another way, the defect in the highway did not consist alone of barricade but consisted of barricade unlighted in the night season. The defendant cannot escape liability by showing that a third person is responsible for the failure of the State to perform its legal duty; the remedy of the State is to recover the amount of such found liability from such third person.

The defendant claims that the absence of light was caused by an independent contractor, thus relieving the defendant from liability. The plaintiff claims that the facts of the case fall within an exception to the "independent contractor" rule and cites Swearsky vs. Stanley Dry Goods Co., 122 Conn. 12 and Campus, et al. vs. McElligott, et al., 122 Conn. 14. The rule of "independent contractor" does not apply to this case and consequently the exceptions to this rule are equally without application. Whatever was the relation of Pleines to the defendant, whether he was an independent contractor or not. if he was guilty of an act, separate from the duty of the defendant, which was a contributing cause to the plaintiff's injury, the plaintiff cannot recover from this defendant. Here, while Pleines may have been expected by the defendant to place the lantern and keep it lighted all night and failed to do so, such failure on his part does not diminish the duty of the defendant to do the same thing.

The plaintiff suffered a sprained back and was totally disabled for one week and suffered partial disability for eight weeks thereafter. He operated a tavern and was obliged by his disability to hire extra help for five weeks at twenty dollars a week and four weeks at ten dollars a week. His doctor's bill was twenty-one dollars.

Judgment may be entered that plaintiff recover of the defendant damages of six hundred sixty-one ($661.00) dollars