STEPHEN G. KRISTOFAK ET AL. v. FREDERICK M. HAAS ET AL.

COURT OF COMMON PLEAS     HARTFORD COUNTY     FILE NO. 53974

Memorandum filed May 9, 1951

*S. Victor Feingold*, of Hartford, for the Plaintiffs.

*Day, Berry & Howard*, of Hartford, for the Defendants.

FITZGERALD, J. The alleged cause of action stated in the complaint is directed against two defendants. In substance the complaint alleges the following matters of present moment: Plaintiffs are the owners of a tract of land in Farmington with a

dwelling house thereon; the defendant Haas is the owner of a nearby tract of land in West Hartford; on September 1, 1950, the defendant Haas, by and through his agent, the defendant Armando, was engaged in excavation on his land and discharged dynamite in connection with a blasting operation; as a result concussions and vibrations jarred the plaintiffs' house and caused it injuries.

By way of special defense, the defendant Haas pleads that he engaged the defendant Armando as an independent contractor to perform the blasting operation; that Armando thereby assumed all duties incidental to his status as an independent contractor. Plaintiffs demur to the interposed defense on the proposition that the defendant Haas "cannot excuse or otherwise insulate himself from liability for injury thereby occasioned on the ground of any contract with the defendant Armando to do the blasting job."

The incidents of blasting have been considered by our Supreme Court in two recent cases. See *Whitman Hotel Corporation* v. *Elliott & Watrous Engineering Co.*, 137 Conn. 562, 571; *Scranton* v. *L. G. DeFelice & Son, Inc.*, 137 Conn. 580, 584. The Connecticut rule may be reduced to this statement: If the circumstances are such that blasting operations necessarily or obviously expose the property of another to the danger of probable injury, the liability is absolute irrespective of negligence.

The fact that the defendant Armando was an independent contractor does not in and of itself relieve the defendant Haas from liability. "One who employs an independent contractor to do a certain work is not liable, as a general rule, for injuries resulting from its performance, but he does render himself liable when the work required of the contractor will, in its ordinary and reasonable execution, necessarily expose others to probable injuries. This exception is not based on the theory of negligent performance by the independent contractor, but upon the principle that the employer or owner has caused something to be done which he knows, or ought to know will cause, or will probably cause, the injury which ensues." *Jacob* v. *Mosler Safe Co.*, 127 Conn. 186, 187; see, also, *Welz* v. *Manzillo,* 113 Conn. 674, 684, in which the precise point is treated for trial purposes; and the general discussion in such cases as *Swearsky* v. *Stanley Dry Goods Co.*, 122 Conn. 7, and *Campus* v. *McElligott,* 122, Conn. 14.

The latter portion of paragraph 6 of the complaint, not specifically referred to hereinbefore, contains those allegations essential to the plaintiffs' stated cause of action against both defendants. Accordingly, the interposed special defense does not resist the thrust of the demurrer.

Demurrer sustained.