John Slossar *v.* Roxanna Taylor et al.

Superior Court     Fairfield County     File No. 140850
            at Bridgeport

Memorandum filed November 27, 1972

*Magilnick & Elstein* and *T. Paul Tremont,* both of Bridgeport, for the plaintiff.

*Mihaly & McGrath,* of Bridgeport, for the named defendant, and the defendant The United States Fidelity & Guaranty Insurance Company.

*Smyth, Oburchay & Halloran,* of Stratford, for the defendants Ted Miller Buick, Inc., and The American Mutual Insurance Company.

LaMacchia, J. The parties have stipulated that a judgment shall enter for the plaintiff, John Slossar, to recover $27,000 damages without costs from the defendant Taylor or the defendant Miller Buick, Inc.

Both of the above-named defendants are covered by insurance policies sufficient to pay the judgment. The issue before the court is: Which policy is primary under the stipulated facts? Obviously, § 14-60 of the General Statutes, entitled "Use of dealers' and repairers' plates," applies. The pertinent portion of the statute stated: "No dealer or repairer shall rent or allow or cause to be rented, or operate or allow or cause to be operated for hire, or use or allow or cause to be used for the purpose of conveying passengers or merchandise or freight for hire, any motor vehicle registered under a general distinguishing number and mark. No dealer or repairer shall loan a motor vehicle or number plates or both to any person except for the purpose of demonstration of a motor vehicle, or when a motor vehicle owned by such person is undergoing repairs, or when such person has purchased a motor vehicle, the registration of which by him is pending, and in any case for not more than fifteen days in any year, provided . . . [such] person . . . shall furnish proof to such dealer or repairer that he has liability and

property damage insurance which will cover any damage to any person or property caused by the operation of such loaned vehicle for which the operator would have been liable if he had also been the owner. Such operator's insurance shall become the prime coverage. Every dealer and repairer shall keep a record of each loaned number plate showing the date loaned, date returned and the name and operator's license number of the person operating any vehicle with such loaned number plates."

The language of the statute is clear and unambiguous, and therefore the court need not strain to interpret it. *Brown* v. *New Haven Taxicab Co.*, 92 Conn. 252, 254; *Hope* v. *Cavallo*, 163 Conn. 576.

It has been stipulated that the Taylor car was being repaired by Miller Buick and that the vehicle the defendant Taylor was using was owned by Miller and loaned to her because her car was under repair. Therefore, the provision of the statute which stated, "Such operator's insurance shall become the prime coverage," is applicable.

The defendant Taylor argues that her insurance contract provides that her insurance will be excess insurance when she sustains a loss while driving a nonowned automobile or temporary substitute automobile. She also points to the provisions of the Miller contract of insurance, which covers, as an assured, any person using an automobile owned by the named insured. The answer to this argument is that by passing § 14-60 of the General Statutes the legislature has mandated into and made part of every liability insurance policy issued in the state of Connecticut that the operator's insurance shall become the prime coverage. The right of the legislature to set standards for insurance and to mandate coverage cannot be questioned at this time. *O'Con-*

*nor v. Hartford Accident & Indemnity Co.,* 97 Conn. 8, 15, 17; *Jenkins* v. *Indemnity Ins. Co.,* 152 Conn. 249, 255. The statute is remedial in nature and for that reason is to be liberally construed to accomplish its purpose. *Dempsey* v. *Tynan,* 143 Conn. 202, 208. Words in statutes are to be construed according to their commonly approved usage. *Metropolitan Casualty Co.* v. *Billings,* 150 Conn. 603, 608.

If, as stipulated, Miller violated the provision of the statute which requires that Miller receive proof from the defendant Taylor that she had liability and property damage insurance, that fact should not in any way affect the question of coverage and would merely be a disciplinary matter to be considered by the motor vehicle commissioner under § 14-64. To hold otherwise would thwart the express purpose and intention of that section of the statutes.

The defendant Taylor argued that § 14-60 should be interpreted so as to hold that the operator's insurance is primary only if a vehicle is loaned in excess of fifteen days. To hold that interpretation would be contrary to the legislative intent. The statute specifically prohibits the loaning of a vehicle or plates for any purpose in excess of fifteen days.

Accordingly, the court enters judgment for the plaintiff, John Slossar, to recover of the defendant Roxanna Taylor the sum of $27,000 without costs, and further finds in favor of the defendant Miller Buick, Inc., without costs.