[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY
FACTS
The plaintiff, Brian N. Burdis, commenced this action against the defendant, Allstate Insurance Company, to recover uninsured motorist benefits allegedly due under an automobile insurance policy. In a three count complaint, the plaintiff alleges claims of breach of contract, breach of an implied duty of good faith and fair dealing, a violation of General Statutes Sec. 38a-815 et seq., the Connecticut Unfair Insurance Practices Act (CUIPA), and a violation of General Statutes Sec. 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA). The defendant now moves for summary judgment on the plaintiff's complaint.
The following facts are taken from the plaintiff's complaint. On March 29, 1991, the plaintiff was a passenger in a truck operated by Michelle J. Vitilie when she lost control of the truck, which veered off the road and flipped over three times. The plaintiff was thrown from the vehicle and suffered severe injuries. Vitilie did not maintain automobile liability insurance on the truck. The plaintiff alleges that the owner of the truck was Hilding H. Parson, Jr. and that he too failed to maintain automobile liability insurance on the truck. At the time of the accident, the plaintiff was insured by the defendant under a policy that provided uninsured motorist benefits for sums that the plaintiff was legally entitled to recover from the operator of an uninsured motor vehicle as damages resulting from bodily injury sustained in an accident involving the use of the uninsured vehicle. The plaintiff claims that he is legally entitled to recover from Vitilie for his damages because of her negligence in the operation of the truck. He, therefore, clams [claims] that, under the policy the defendant is obligated to pay CT Page 7793 him uninsured motorist benefits.
The defendant now moves for summary judgment on the plaintiff's complaint. In support of its motion, the defendant filed a memorandum of law and supporting documentation. The defendant also filed supplemental memoranda and documentation. The plaintiff filed a memorandum of law in opposition to this motion along with an affidavit. He also filed a supplemental memorandum with accompanying documentation and a revised affidavit.
"Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial."Orenstein v. Old Buckingham Corp., 205 Conn. 572, 574,534 A.2d 1172 (1987). "Practice Book Sec. 384 provides that `summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Water Way Properties v. Colt'sMfg. Co., 230 Conn. 660, 664, ___ A.2d ___ (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Water Way Properties v. Colt's Mfg. Co., supra, 664. "The test is whether a party would be entitled to a directed verdict on the same facts." Haesche v. Kissner, 229 Conn. 213,217, ___ A.2d ___ (1994).
The defendant moves for summary judgment on the complaint arguing that Hilding H. Parson, Jr. was not the owner of the truck, but instead that the plaintiff was the owner. Under the plaintiff's insurance policy, he is not entitled to recover uninsured motorist benefits for bodily injuries sustained if he was the owner of the uninsured motor vehicle which was involved in the accident. The defendant claims that Parson assigned the truck's certificate of title to the plaintiff in September 1990, about seven months prior to the accident, and that the plaintiff never registered the vehicle nor filed a certificate of title CT Page 7794 with the motor vehicle department. The defendant claims that under General Statutes Sec. 14-1 (56), the plaintiff was the owner of the truck at the time of the accident by virtue of this assignment of title, since he thereby had the legal right to register the vehicle and was, therefore, the equitable, if not legal, owner of the truck.
In opposition to this motion, the plaintiff argues that the documentation submitted by the defendant is not properly before the court. The plaintiff contends that the defendant's documentation is not in the form required by the Practice Book for a motion for summary judgment, since it is neither certified nor authenticated, and, thus, is mere hearsay which the court cannot consider. The plaintiff also argues that even if the court considers the documentation submitted by the defendant, this evidence is insufficient in light of the affidavit he has submitted. In that affidavit, the plaintiff concedes that he took possession of the truck in September 1990, but claims that the truck was taken as collateral for a debt which Parson owed him. Despite taking possession, the plaintiff claims that he did not intend to own the truck, and that Parson maintained the title of the truck until April 1991, after the accident. The plaintiff claims that Parson assigned the certificate of title at this time because he was not able to repay his debt to the plaintiff.
General Statutes Section 38a-336 (a)(1) permits insurers to limit uninsured motorist coverage by providing in pertinent part:
 No insurer shall be required to provide uninsured and underinsured motorist coverage to (A) a named insured or relatives residing in his household when occupying, or struck as a pedestrian by, an uninsured or underinsured motor vehicle or motorcycle that is owned by the named insured, or (B) any insured occupying an uninsured or underinsured motor vehicle or motorcycle that is owned by such insured.
The insurance policy issued by the defendant to the plaintiff contains a similar limitation: "Allstate will not pay any damages an insured person is legally entitled to recover because of . . . (2) bodily injuries sustained while in, on, getting into or out of or struck by an uninsured motor vehicle which is owned by you or a resident relative." The defendant contends that under the definition of "owner" found in General Statutes Sec. 14-1 (56) CT Page 7795 the plaintiff is the owner of the motor vehicle in which he sustained his injuries and cannot recover under the policy.
Section 14-1 (56) defines "owner" as it relates to motor vehicles as "any person holding title to a motor vehicle, or having the legal right to register the same, including purchasers under conditional bills of sale." This section, however, is not the only definition of the term "owner" as it relates to motor vehicles in the General Statutes. For example, Sec. 38a-363 (d), which is part of the General Statutes' No-Fault Motor Vehicle provisions, defines "owner" of a "private passenger motor vehicle" as "the person who owns the legal title thereto, except where the motor vehicle is the subject of a security agreement or lease with option to purchase with the debtor or lessee having the right to possession, in which event `owner' means the debtor or lessee." Additionally, Sec. 14-165(f), which is part of the Uniform Motor Vehicle Certificate of Title and Antitheft Act, defines "owner" as "a person, other than a lienholder, having the property in or title to a vehicle. The term includes a person entitled to the use and possession of a vehicle subject to a security interest in another person, but excludes a lessee under a lease not intended as security."
None of these statutory definitions, however, apply to Sec.38a-336(a)(1). Section 14-1 expressly limits itself to "[t]erms used in this chapter," which is chapter 246, while the definition found in Sec. 14-165 is limited to chapter 247. See Gill v.Petrazzuoli Brothers, Inc., 10 Conn. App. 22, 26-27, 521 A.2d 212
(1987) (these statutory definitions apply to the statutory subjects covered by chapters 246 and 247 of the General Statutes). While Sec. 38a-363 is found in the same chapter as Sec. 38a-336, chapter 700, this section expressly limits the scope of its definitions to "sections 38a-19 and 38a-363 to38a-388 inclusive." All of these statutory definitions of "owner" are restricted to either specific statutory sections or chapters, none of which include Sec. 38a-336. Section 38a-336 itself does not define "owned."
The courts of this state have consistently construed the statutory use of the terms "owned" or "owner" as they relate to motor vehicles to be of general application and to include "one having an interest other than the full legal and beneficial title." Hope v. Cavallo, 163 Conn. 576, 580-81, 316 A.2d 407
(1972) (construing the term "owned" as used in Gen. Stat. Sec. 52-556
as including those with an absolute proprietary interest as well as CT Page 7796 a mere possessory right); Marciel v. Berman, 104 Conn. 165,168-69, 132 A. 397 (1926); Kaufman v. Hegeman Transfer Lightage Terminal Co., 100 Conn. 114, 120, 123 A. 16 (1923);Brown v. New Haven Taxicab Co., 92 Conn. 252, 254, 102 A. 573
(1917); Camp v. Rogers, 44 Conn. 291, 298 (1876) (term "owner" as used in statute means person in control of vehicle at the time and not necessarily the actual owner); see also Gill v.Petrazzuoli Bros., Inc., supra, 10 Conn. App. 26-28 (owner of automobile may be one other than title or register holder). "The word owner is one of flexible meaning, and it varies from an absolute proprietary interest to a mere possessory right. . . It is not a technical term and, thus is not confined to a person who has the absolute right in a chattel, but also applies to a person who has possession and control thereof." (internal quotations and citations omitted.) Gill v. Petrazzuoli Bros., Inc., supra,10 Conn. App. 27, quoting, Hope v. Cavallo, 163 Conn. 580-81.
The Connecticut Supreme Court has stated that "one may be the `owner' of a motor vehicle with in the meaning of a statute although another has strict legal title." Hope v. Cavallo, supra,163 Conn. 581 quoting Brown v. New Haven Taxicab, supra,92 Conn. 254. In Brown, the court interpreted the word "owner" in the motor vehicle law in effect at the time, which provided that no suit could be had for injuries to a car unless the owner registered it, "to designate the person having an interest in property under a special title." Brown v. New Haven Taxicab, supra. In other cases, the court has held that "[t]he word `owner.'. . includes both the legal and equitable owner and anyone having an interest under the automobile under a special title." Hope v. Cavallo, supra; Kaufman v. Hegeman Transfer Lighterage Terminal, Inc., supra, 100 Conn. 120; Marciel v.Berman, supra, 104 Conn. 168-69. "A bailor may have a general, and a bailee a special, ownership in the subject of the bailment.Brown v. New Haven Taxicab, supra.
In Hope v. Cavallo, supra, the Supreme Court faced a similar issue as this case in construing the use of the word "owned" as it relates to motor vehicles in General Statutes Sec. 52-556. That statute authorizes a cause of action for injuries caused by motor vehicles owned by the state. In Cavallo, the United States government held title to the truck involved in the accident, but the truck had been issued to the state. Id., 582-83. The state claimed that since it was not the owner of the truck, it could not be sued under the statute. Id., 578-79. The plaintiff claimed that the state owned the vehicle based on a number of factors, CT Page 7797 including the state's exclusive possession and control of the vehicle and because the state had a special ownership in the vehicle as a bailee at the time of the collision. Id., 579. The court held that the term "owned" is not restricted to one who has legal or rightful title, but also includes those with lesser ownership interests, and, thus, the plaintiff had the right to sue the state under the statute even though the state did not have legal title to the vehicle.
In the present case, the only disputed facts concern whether there was an assignment of the certificate of title prior to the accident. As the preceding case law demonstrates, the ownership of a motor vehicle does not depend upon strict legal title, but may also include any person having a lesser interest in the property, such as a special title or possession and control. Hopev. Cavallo, supra; Brown v. New Haven Taxicab, Co., supra. The parties do not dispute that prior to the accident the plaintiff was in possession of the truck. In his memorandum of law, the plaintiff concedes that he was in possession of the truck at the time of the accident and that he was given possession of the truck in September 1990 to hold as collateral security for a $5,000 loan given to Hilding Parson. This fact is supported by the deposition testimony of Parson, who states that in September 1990 he gave up possession of the truck to the plaintiff because of a debt he owed to the plaintiff. Thus, there is no factual dispute that the plaintiff was in possession of the vehicle for a seven month period prior to the accident.
Furthermore, the agreement between Parson and the plaintiff, according to the plaintiff's own affidavit, was that the ownership. of the truck would be transferred to the plaintiff if Parson failed to repay the debt. The agreement described by the plaintiff indicates a type of bailment, known at common law as a pledge, whereby the bailor delivers goods to the bailee as security for a debt. Black's Law Dictionary (5th Ed.). The common law of this state has long held that a bailee has a special ownership in the subject of the bailment. Hope v. Cavallo, supra,163 Conn. 581; Brown v. New Haven Taxicab Co., supra,92 Conn. 254. This special ownership in the collateral is sufficient to support a conclusion that the bailee is the owner of the motor vehicle. Hope v. Cavallo, supra; Brown v. New Haven Taxicab Co., supra. In this case, the undisputed facts show that, at the very least, the plaintiff had a special ownership in the truck as a bailee. This interest, along with his possession of the truck for seven months prior to the accident, show, as a matter of law, CT Page 7798 that the plaintiff "owned" the uninsured vehicle under the terms of the insurance policy and General Statutes Sec. 38a-336 (a)(1).
While the plaintiff contends that the documentation submitted by the defendant is not sufficient to support summary judgment, the court reaches this conclusion based on facts that are not in dispute. These facts, which are supported by "the pleadings, affidavits and . . . other proof submitted"; Practice Book Sec. 384; show that there is no genuine issue of material fact that the plaintiff was in possession of the truck for seven months prior to the accident and, at the very least, had a special ownership interest in the truck as a bailee. Under the case law of this state, the plaintiff indeed "owned" the truck at the time of the accident.
Since the plaintiff "owned" the uninsured motor vehicle in which he suffered his injuries, he is not entitled to uninsured motorist benefits under the terms of his policy. For this reason, the defendant Allstate Insurance Company's motion for summary judgment as to the plaintiff's complaint is granted.
PICKETT, J.