[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has instituted this action seeking a declaratory judgment, and a Writ of Mandamus to determine the application of §12-144b of the General Statutes to the payment of motor vehicle taxes by the plaintiff.
The evidence presented established the plaintiff married Donald A. Jones in 1991, and they lived together until they legally separated in February, 2000. Prior to the marriage, Donald A. Jones owned a 1985 Renault motor vehicle and he failed to pay the Town of Hamden the personal property taxes for that vehicle on the Grand List of 1985, 1986 and 1987.
After the marriage the plaintiff and her husband were residents of the Town of Hamden. In 1995 the plaintiff and her husband owned a 1995 Nissan Pathfinder and a 1995 Hyundai Sonata which were registered jointly in their names on the 1995 Grand List. In 1996 the plaintiff acquired a 1994 Hyundai Elantra which she then registered in her name individually on the 1996 Grand List, and during that year her husband acquired a 1996 Nissan Pathfinder which was registered individually in his name.
In August 1998 the plaintiff tendered a tax payment to the Tax Collector which she directed to apply to the taxes due on the 1995 Nissan and 1995 Hyundai vehicle which were jointly owned. At the same time she also tendered the taxes due on the 1994 Hyundai which was owned by her individually. The defendant Barbara Tito, the Tax Collector for Hamden, refused to apply the payments as directed by the plaintiff and the plaintiff was advised that any payment had to be first applied to the unpaid tax bills of Donald Jones for the tax years of 1985, 1986 and 1987.
The plaintiff contends the taxes owed by her husband on vehicles owned by him in 1985, 1986 and 1987 which were incurred prior to their marriage and not her obligation, and therefore she has a right to pay the taxes due on vehicles in which she has an ownership interest. The plaintiff CT Page 11200 therefore claims she has a right to designate how the tax payment should be applied and the refusal to accept payment results in a denial of her right to register the vehicles with the Motor Vehicle Department.
The defendant claims that § 12-144b of the General Statutes requires payments must be applied to the oldest taxes outstanding and the Tax Collector must determine how the payment should be applied. The defendant claims that since plaintiff was a joint owner of the 1995 Nissan and the 1995 Hyundai with her husband, that then obligates her to pay his 1985, 1986 and 1987 taxes before payment can be accepted on those vehicles.
The disputed issue in this matter relates to the interpretation of § 12-144b of the General Statutes. The relevant portions of the statute states as follows:
 Each tax payment made to a municipality for taxes due on any specific property shall be applied by the municipality toward payment of the oldest outstanding tax levied on such property with the interest thereon. . . .
The words of a statute are to be interpreted in their natural and usual meaning unless the context indicates that a different meaning was intended. By our statute, words and phrases are to be construed according to the commonly plain usage of language. Brown v. New Haven Taxicab Co.,92 Conn. 252, 254. The statute refers to "taxes due on any specific property".
In 1971 P.A. 687 amended § 12-144b by eliminating the requirement that a tax payment would be applied to the oldest outstanding tax obligation of the party liable for the tax. The amendment was intended to prevent the municipality from applying the payment received to older outstanding taxes on other personal or real property taxes, and thereby creating a tax delinquency on the property for which the payment was directed. This amendment was intended to protect a mortgagee which had a tax escrow account from being delinquent when it sent in real property tax payments, and the municipality could apply the payment to other outstanding tax obligations. The amendment in 1971 therefore should now be interpreted to apply to taxes on a specific type of property. The first sentence of the amended statute in referring to "specific property" should be read as applying to either real property or personal property.
The amended statute does not address the problem in this case when a joint owner of a vehicle tenders a tax payment on that vehicle which is refused because the other joint owner has outstanding tax obligations on CT Page 11201 other vehicles. The position taken by the municipality could result in denying an innocent joint owner of either real property or personal property being denied the right to pay a tax obligation and exposing that owner to further interest, penalties and expenses. That would be the result even though the joint owner was not responsible for the outstanding taxes incurred on other property owned by the other joint owner.
Section 12-144b does not permit the defendant to refuse payment tendered by the plaintiff in this case as payment for the personal property taxes on the vehicles jointly owned by her and Donald Jones. The refusal to accept payment from the plaintiff under the factual circumstances of this case was not legally justified.
For the foregoing reasons this court concludes the Hamden Tax Collector shall accept the payments tendered by the plaintiff, and any interest payment which has accrued since the refusal to accept payment on August 31, 1998, should be waived.
Howard F. Zoarski Judge Trial Referee