Harold A. Felix, J.
After filiation found, the petitioner seeks the cost of psychotherapeutic treatment allegedly made necessary by the traumatic experience of her pregnancy and childbearing. The child in question is in foster care with prospects of private adoption. The question propounded is whether such costs are fairly within the purview of sections 514 and 545 of the Family Court Act, which provide that in a proceeding in which the court has made an order of filiation, it may direct the father to pay “ the necessary expenses incurred by or for the mother in connection with her confinement and recovery, and * * * such expenses in connection with the pregnancy of the mother as the court may deem proper.”
I construe the afore-stated provisions of the Family Court Act as not delimiting expenses in connection with the pregnancy, confinement and recovery of the mother to those of purely physical character, but as authority for including the cost of necessary psychiatric care as an appropriate element of liability, if however there be demonstrated to the satisfaction of the court a patently clear causal relationship between the need for psychotherapy and the pregnancy, confinement and recovery in question.
In the instant proceedings, on assessment and evaluation of the testimony adduced at the hearing wherein a finding of paternity was made, and on the proof proffered at the hearing for the purpose of determining whether the cost of psychiatric care or therapy should be borne by the respondent, I conclude and so find, that the petitioner has failed .to satisfy.the court that the need for such care was solely attributable to the pregnancy and confinement of the petitioner or a consequence thereof. *795 On the contrary, the court believes that the lamentable home surroundings of the petitioner and the tensions therein created existing over a period of time prior to the pregnancy herein, were in the largest measure the contributing catalysts for any psychotherapy needed. Under the circumstances, therefore, any expense incidental to the same is not deemed proper by the court as an appropriate element of liability to be borne by the respondent.
As respects a belated claim for food and lodging furnished the petitioner by a married couple who invited her to live with them during petitioner’s pregnancy and thereafter, while the good Samaritan character of their help is commended, the court cannot consider such costs as an appropriate element of liability.