William W. Serra, J.
This is a proceeding under article 5 of the Family Court Act upon a petition praying for a declaration of paternity, an order of support and other appropriate relief. The respondent has acknowledged paternity and the issues revolve around the application of sections 514, 536 and 545 of the Family Court Act as to expenses and allowances of the mother.
The child was born on May 26, 1965. Prior to the birth of the child, and on February 18, 1965, the mother entered the care of a maternal and adoption center in a city about 90 miles away where she received care, social service and prenatal medical care as well as a hospital maternity admission, all billed through the agency. The agency then made an adoption placement of the child. It is contended (1) that the board prior to birth is not compensable; (2) that hospital and medical expenses in excess of local hospital charges in the community of the mother’s residence are not proper; and (3) that by reason of the non-contest on the issue of paternity, and willingness to pay reasonable medical expense, counsel fees should not be allowed. Schaschlo v. Taishoff (2 N Y 2d 408 [1957]) and Matter of Thomson v. Elliott (152 Misc. 188) are cited as authority for the denial of allowances requested.
In the Schaschlo case the Court of Appeals, by Burke, J., said in part (p. 411): “ The sole purpose of the first bastardy law was to indemnify the community against the possibility that a natural mother or child born of an illicit relationship might become a public charge. Hence, support awards were considered adequate if they prevented this eventuality by providing an amount sufficient to afford the bare necessities otherwise required to be supplied by the community. This, however, no longer reflects the social philosophy present in the laws of this State. * * * The new law, although providing for indemnification
of the community, is chiefly concerned with the welfare of the child (see N. Y. Legis. Doc., 1925, No. 106, pp. 13-18).” The Thomson case goes further and holds that it was the intent of the Legislature to provide for the child and its environmental situation en ventre sa mere. “ The proper support of a child commences before its delivery into the outer world. A legislative scheme intended to insure the physical and mental health of a child would be incomplete and defective which permitted neglect of the child through neglect of the mother during the *268 pre-natal period, for its physical and mental health is inseparably connected with sufficient nourishment and comfort for her during such period.” (Thomson v. Elliott, 152 Misc. 1 SB, 190-191 [1934].)
Section 514 of the Family Court Act authorizes the court in its discretion to order the father to pay reasonable expenses in connection with pregnancy. Section 545 authorizes an order for (c) such expenses in connection with the pregnancy of the mother as the court may deem proper.” It has been held in Matter of Anonymous v. Anonymous (48 Misc 2d 794 [1965]) that it is within the purview of these sections that- the cost of psychotherapeutic treatment made necessary by the traumatic experiences of pregnancy be charged against the father. The mother, a high school girl, is without funds for the payment of counsel fees. The father is presently employed by the armed forces and able to defray such expenses.
In this case, the proof showed that the petitioner, an honor student in high school, had lost her self-confidence and adjustment, had become emotionally unstable, cried a great deal and became upset. She also was able to get schooling at the maternity home which would have been difficult if at all possible at home. The use of the maternity home provided her with social work, guidance and comfort to her consequent better health and, therefore, provided less risk to the child. Far from creating a financial drain upon the respondent, it provided a completely determined cost, in the best interest of the child as to safe delivery and future well-being, and the plan worked out and relieved the respondent of a continuing obligation of support which ultimately would be many times what he is now required to pay. While not determinative of the issues, it is noted that the arrangement has spared him as well as the mother and child much of the ignominy of obvious community attention, knowledge and gossip concerning the entire relationship. The respondent has small cause for complaint.
The court finds the respondent is the father of the infant child who is the subject of this proceeding; that he is responsible for the expenses of the maternity home in the amount of $878.50 (including doctor bills of $200 and hospital bill of $307) for local physician’s service of $15, for medication and drugs at $14.99, for additional hospital expenses paid directly in the amount of $57, and for counsel fees hereby allowed in the amount of $150 to petitioner’s attorney, amounting in all to the sum of $1,115,49. The respondent may apply for a program of deferred payments. All payments will be made through the Director of Probation.